ANGELINA PEÑA ALCÁNTARA, recurrida, *v.* PEDRO A. WARREN OVENSEN, peticionario.

*Número:* CC-2003-0728     *Resuelto:* 19 de agosto de 2004

*Ricardo E. Carillo Delgado*, abogado de la parte peticionaria; *Juan M. Acevedo Ramírez*, abogado de la parte recurrida.

El Juez Asociado Señor Corrada Del Río emitió la opinión del Tribunal.

Nos corresponde determinar si nuestra decisión en *Álvarez v. Arias*, 156 D.P.R. 352 (2002), en el cual resolvimos la inaplicabilidad del procedimiento judicial expedito dispuesto por el Art. 15 de la Ley Orgánica de la Administración para el Sustento de Menores, 8 L.P.R.A. sec. 514, a aquellos alimentantes que no residen en Puerto Rico, se extiende igualmente a una petición de alimentos incoada bajo el procedimiento administrativo expedito que faculta el Art. 11 de la citada ley, 8 L.P.R.A. sec. 510.

I

El 26 de diciembre de 1988, la señora Angelina Peña Alcántara (recurrida o señora Peña Alcántara) dio a luz a su hijo, P. Ovensen Peña. Ella alega que éste es fruto de

una relación que sostuviera con el aquí peticionario, el Sr. Pedro A. Warren Ovensen (peticionario o señor Warren Ovensen).

El 23 de julio de 1999, a instancias de la señora Peña Alcántara, la Administración para el Sustento de Menores (ASUME) inició un procedimiento al amparo de la Ley Interestatal Uniforme de Alimentos entre Parientes (L.I.U.A.P.),[1] 8 L.P.R.A. sec. 541 *et seq.*, con el propósito de que el peticionario le proveyera alimentos al joven P. Ovensen Peña. A esos efectos, la referida agencia remitió una querella interestatal al Departamento de Justicia de Islas Vírgenes, División de Paternidad y Sustento de Menores (División de Sustento de Menores de Islas Vírgenes), ya que el peticionario es domiciliado de la isla de Santa Cruz, Islas Vírgenes Estadounidenses. El 15 de agosto de 2000 se le notificó al peticionario de la solicitud que realizó la recurrida a favor de su hijo.

El 28 de septiembre de 2000, la División de Sustento de Menores de Islas Vírgenes celebró una vista administrativa, a la que acudió el peticionario. En esta audiencia, el señor Warren Ovensen solicitó que se le realizara al menor una prueba de A.D.N. para determinar fehacientemente su paternidad. El foro administrativo de Islas Vírgenes dictó una orden a esos efectos el 10 de octubre de 2000.

Mediante Carta de 31 de octubre de 2000, ASUME le comunicó a la División de Sustento de Menores de Islas Vírgenes que la señora Peña Alcántara se oponía a que se realizara la prueba de A.D.N., ya que alegaba que el peticionario reconoció a su hijo y lo inscribió a su nombre en el Registro Demográfico de Puerto Rico. Para sustentar lo

---

[1] La Ley Interestatal Uniforme de Alimentos entre Parientes (L.I.U.A.P.) adoptó para Puerto Rico las disposiciones de la Ley Interestatal de Alimentos entre Parientes. Esta ley —conocida en inglés como *Uniform Interstate Family Support Act*— la aprobó el Congreso de Estados Unidos con el propósito de establecer uniformidad en la fijación y ejecución de obligaciones alimentarias entre personas que residen en diferentes estados, de modo que se protejan y se hagan valer los derechos de los menores. Véase *Aponte v. Barbosa Dieppa*, 146 D.P.R. 558, 566 (1998). Mediante la aprobación de la L.I.U.A.P., también se derogó la Ley Uniforme de Reciprocidad para la Ejecución de Obligaciones sobre Alimentos.

alegado, se presentó una copia del certificado de nacimiento del joven P. Ovensen Peña del cual, en efecto, surge que el peticionario aparece inscrito como padre del menor solicitante.(²) Conforme a ello, ASUME solicitó que se le otorgara entera fe y crédito a la determinación de paternidad hecha en Puerto Rico y que se continuaran los procedimientos obviando la prueba de A.D.N. El peticionario, por su parte, alegó que el aludido reconocimiento no había sido voluntario, por lo que insistió en la prueba de paternidad.

Posteriormente, el 21 de marzo de 2002 ASUME le reiteró a su homólogo en Islas Vírgenes que la señora Peña Alcántara se negaba a realizar la prueba de A.D.N. debido al previo reconocimiento de paternidad por parte del señor Warren Ovensen. ASUME también solicitó a esa oficina que cerrara el caso, ya que el mismo se iba a trabajar directamente desde Puerto Rico.(³) Ante esto, la División de Sustento de Menores de Islas Vírgenes replicó que la prueba de A.D.N. la ordenó un tribunal y que no iba a cerrar el caso.(⁴)

Así las cosas, ASUME optó por desistir de su petición original y, en su lugar, presentó una solicitud de alimentos mediante el *One State Proceeding* que autoriza la L.I.U.A.P. 8 L.P.R.A. sec. 542.(⁵) En conformidad, el 1ro de abril de 2002, ASUME se comunicó con el peticionario y le

---

(²) Véase Apéndice, pág. 30.

(³) Íd., pág. 40.

(⁴) Íd., pág. 42.

(⁵) Esta sección dispone, en su parte pertinente:

"*Sec. 542. Fundamentos para adquirir jurisdicción sobre persona no residente*

"En un procedimiento para fijar una pensión alimentaria, ejecutar o modificar una orden de pensión alimentaria o para establecer la filiación de un menor, el Tribunal de Puerto Rico adquirirá jurisdiccion sobre la persona, el tutor o encargado no residente cuando:

"(1) La persona es emplazada conforme establecen las Reglas de Procedimiento Civil para el Tribunal de Justicia de 1979;

"(2) la persona se somete voluntariamente a la jurisdicción, en forma expresa o tácita, al consentir o comparecer o al presentar una alegación respondiente que tenga el efecto de renunciar a la defensa de falta de jurisdicción sobre su persona;

"(3) la persona residió en Puerto Rico con el menor;

ordenó comparecer a las oficinas de esa agencia el 19 de abril de 2002 para discutir su "obligación de proveer pensión alimentaria al/los menor(es): [P.] Ovensen Peña".([6]) Es decir, tramitó la petición de alimentos a través del procedimiento administrativo expedito dispuesto en el Art. 11 de la Ley Orgánica de la Administración para el Sustento de Menores (Ley de ASUME), *supra*. Este artículo provee para que el Administrador de ASUME cite a la parte a quien se dirige la reclamación alimentaria para que comparezca ante la referida agencia dentro de un término que no será menor de cinco días, ni mayor de treinta días.

El 19 de abril de 2002, el señor Warren Ovensen compareció a las oficinas de ASUME acompañado de su representación legal. En la reunión celebrada una oficial de la agencia entrevistó al peticionario y durante el transcurso del diálogo, éste levantó defensas a la intención de la oficial de fijar una pensión alimentaria. No obstante, la oficial de ASUME procedió a fijarle al peticionario la obligación de satisfacer una pensión alimentaria mensual de $414.92, además de un pago de $124.48 para agotar una deuda retroactiva de $17,426.64.([7]) No surge de autos que el peticionario alegara falta de jurisdicción de ASUME.

El 13 de septiembre de 2002, el peticionario presentó ante ASUME un formulario titulado "Objeción a la Notificación sobre Obligación de Proveer Alimentos". En esta

---

"(4) la persona residió en Puerto Rico y proveyó gastos prenatales o alimentos para el menor;

"(5) el menor reside en Puerto Rico como resultado de actos o directrices de la persona;

"(6) la persona sostuvo relaciones sexuales en Puerto Rico y el menor pudo haber sido concebido de esa relación sexual;

"(7) la persona reconoció e inscribió al menor conforme dispone la ley, o

"(8) existe cualquier otro fundamento consistente con la Constitución del Estado Libre Asociado de Puerto Rico y de los Estados Unidos para adquirir jurisdicción sobre la persona."

*Adviértase que el Art. 1 de la Ley Interestatal Uniforme de Alimentos entre Parientes, 8 L.P.R.A. sec. 541, define el término "tribunal" como "cualquier tribunal, corte, agencia administrativa o entidad cuasi judicial autorizada para establecer o modificar una orden de pensión alimentaria o para establecer filiación."*

([6]) Véase Apéndice, pág. 43.

([7]) Esta notificación se efectuó el 20 de agosto de 2002.

comparecencia alegó que no existía razón para proveer alimentos; que la cantidad imputada como deuda era equivocada, y que no es la persona con la obligación de proveer alimentos porque no es el padre o el alimentante deudor. En esta ocasión, el peticionario tampoco alegó la falta de jurisdicción de ASUME.

Posteriormente, ASUME emitió una orden en la que declaró en rebeldía al peticionario. La agencia fundamentó ese curso de acción en el hecho de que éste no había objetado la orden que estableció su obligación de proveer alimentos dentro del término de veinte días requeridos por el proceso administrativo expedito.[8] A tenor de ello, el 18 de septiembre de 2002 el Administrador de ASUME dictó una orden para establecer la obligación del señor Warren Ovensen de proveer alimentos al joven P. Ovensen Peña. El mandato del Administrador reiteraba lo establecido anteriormente por la oficial de esa agencia, al disponer para el pago de una pensión de $414.92 mensuales, y de $124.48 adicionales para agotar la deuda de $17,841.50.

Mediante escrito de 2 de octubre de 2002, el peticionario presentó una solicitud de reconsideración ante el Administrador de ASUME. Argumentó que se opuso oportunamente a la notificación de proveer alimentos y que el Administrador estaba obligado a señalar la celebración de una vista informal para presentar evidencia. Asimismo, reprodujo las defensas en cuanto a la controversia en torno a la paternidad y la cuantía a pagarse. En esta oportunidad tampoco cuestionó la jurisdicción de la agencia.

ASUME remitió el expediente del caso a la Oficina del Juez Administrativo para que éste atendiera la moción de reconsideración presentada por el peticionario. Este funcionario,[9] mediante Orden de 15 de octubre de 2002, resolvió que la orden de pensión alimentaria que dictó el Administrador de ASUME fue nula e inexistente en derecho.

---

[8] 8 L.P.R.A. sec. 510(b)(B), sobre *Procedimientos para objetar la notificación de alegación de filiación y la obligación de proveer alimentos.*

[9] La moción de reconsideración la atendió el juez administrativo Joseph E. Valentín.

Expresó que el señor Warren Ovensen siempre ha residido fuera de Puerto Rico, por lo que según lo resuelto en *Álvarez v. Arias*, supra, se le violó el debido proceso de ley en el procedimiento seguido para fijarle la pensión alimentaria. En el citado caso, este Tribunal resolvió que el proceso expedito dispuesto en el Art. 15 de la Ley de ASUME, 8 L.P.R.A. sec. 514,([10]) no le aplicaba a personas que no fueran residentes de Puerto Rico, ya que los reducidos términos establecidos allí no permiten que la persona contra la cual se reclama se pueda defender adecuadamente. Por lo tanto, el Juez Administrativo concluyó que, según esa jurisprudencia, ASUME no adquirió jurisdicción sobre la persona del peticionario.

Oportunamente, ASUME, en representación de la señora Peña Alcántara, presentó una moción de reconsideración ante el Juez Administrativo, quien la denegó el 2 de diciembre de 2002. Este funcionario reiteró que, de acuerdo con *Álvarez v. Arias*, supra, el procedimiento administrativo ante ASUME no se puede utilizar cuando la parte promovida no reside en Puerto Rico.

Inconforme, la señora Peña Alcántara acudió mediante un recurso de revisión al entonces Tribunal de Circuito de Apelaciones (T.C.A.). Adujo ante ese foro que el Juez Administrativo erró al determinar que ASUME estaba impedida de utilizar el procedimiento expedito en este caso porque el peticionario no es residente de Puerto Rico.

Tras evaluar los argumentos de las partes, el T.C.A. resolvió que bajo la Ley de ASUME, interpretada en conjunto con la L.I.U.A.P., se vislumbran dos procedimientos expeditos, uno judicial y otro administrativo, y concluyó que nuestro pronunciamiento en *Álvarez v. Arias*, supra, se extiende al procedimiento expedito judicial, mas no así al procedimiento expedito administrativo.([11]) Por lo tanto,

---

([10]) El referido artículo detalla el procedimiento expedito a seguirse cuando la petición de alimentos se presenta en un tribunal de justicia.

([11]) El Tribunal de Circuito de Apelaciones consideró que la compiladora de la colección Leyes de Puerto Rico Anotadas (L.P.R.A.) cometió un error al llamar Procedimiento Administrativo Expedito a las secciones correspondientes al proceso ju-

como en el caso de marras el procedimiento se siguió ante el foro administrativo al amparo del Art. 11 de la Ley de ASUME, *supra*, el T.C.A. estableció que la norma de *Álvarez*, supra, no aplicaba. Asimismo, ese foro resolvió que, de todos modos, el peticionario se había sometido tácitamente a la jurisdicción de la agencia, por lo que revocó la orden recurrida.

Inconforme con ese curso decisorio, el peticionario acudió ante nos y formuló los errores siguientes:

> *A. Erró el Tribunal de Circuito de Apelaciones al acoger los argumentos de la parte peticionaria-recurrida y revocar la determinación emitida por el Juez Administrativo en la que reafirmó la inaplicabilidad del procedimiento administrativo expedito a casos en que el promovido resida fuera de Puerto Rico, conforme a lo establecido por este Honorable Tribunal Supremo en el caso de Álvarez Elvira v. Arias Ferrer, supra.*
> *B. Erró el Tribunal de Circuito de Apelaciones al determinar que el peticionario-recurrente se sometió voluntariamente a la jurisdicción de ASUME, sin que se celebrara la correspondiente vista adjudicativa, al presentar alegaciones respondientes sin levantar la defensa de falta de jurisdicción.* (Énfasis suplido y en el original.) Petición de *certiorari*, pág. 7.

Mediante Resolución de 31 de octubre de 2003, expedimos el auto solicitado. Examinados los alegatos de las partes, resolvemos.

## II

En nuestro ordenamiento, los casos relacionados con los alimentos de menores están revestidos de un alto interés público. *Argüello v. Argüello*, 155 D.P.R. 62 (2001). Más aún, este Tribunal ha reconocido que el derecho a reclamar alimentos constituye parte del derecho a la vida que protege la Constitución de Puerto Rico. Véase Art. II, Sec. 7, Const. E.L.A., L.P.R.A., Tomo 1; *Figueroa Robledo v. Rivera Rosa*, 149 D.P.R. 565 (1999); *Rodríguez Avilés v. Rodríguez Beruff*, 117 D.P.R. 616, 621 (1986).

---

dicial dispuesto por el Art. 13 y siguientes de la Ley Orgánica de la Administración para el Sustento de Menores (Ley de ASUME), 8 L.P.R.A. sec. 512 *et seq.*

■ La Ley de ASUME, en conjunto con las disposicio-
nes pertinentes del Código Civil, del Código Penal y de
otras leyes especiales, constituyen en nuestra jurisdicción
las fuentes de la obligación alimentaria. La primera, sin
embargo, es la que establece los mecanismos procesales
más ágiles —y, por ende, más utilizados— para gestionar
el cumplimiento con ese deber.([12])

■ Como bien concluyó el T.C.A., la Ley de ASUME
instituye dos mecanismos para reclamar alimentos a favor
de aquel a quien por derecho le correspondan. Primera-
mente, el Art. 11 de esa ley, *supra*, establece el llamado
"procedimiento administrativo expedito", el cual se inicia y
desarrolla ante el foro administrativo de ASUME. El refe-
rido artículo dispone, en lo pertinente, del modo siguiente:

Sec. *510. Procedimiento administrativo expedito*

. . . . . . . .

(b) El procedimiento administrativo se llevará a cabo de la
siguiente manera:([13])
(1) Cuando el Administrador o su representante autori-
zado reciba una solicitud de servicios, o cuando motu proprio
genere una solicitud de servicios, inmediatamente deberá pro-
ceder a revisarla, estudiar las disposiciones legales pertinen-
tes y completar la información necesaria para tramitar el caso
con la que esté disponible en la Administración o haya que
requerirle a otras agencias, entidades o personas.
(2) El Administrador le requerirá a la parte a la que está
dirigida la reclamación o que pueda resultar afectada, por es-
crito o mediante comunicación constatable, notificándole, o
por correo y si se desconoce su dirección mediante aviso pú-
blico, *que comparezca dentro de un término razonable que no
será menor de cinco (5) días ni mayor de treinta (30) días.*
Hará un resumen de la petición y el derecho aplicable, aperci-

---

([12]) El objetivo central de la Ley de ASUME fue el agilizar e impregnarle la
máxima rapidez a los procedimientos de fijación y modificación de pensiones alimen-
tarias para beneficio de los alimentistas reclamantes. Véase S. Torres Peralta, *La
Ley Especial de Sustento de Menores y el derecho de alimentos en Puerto Rico*, San
Juan, Pubs. STP, 1997, Cap. IV, pág. 4.3.

([13]) Nótese que el Art. 11 de la Ley de ASUME, 8 L.P.R.A. sec. 510, se refiere a
que el proceso administrativo expedito allí establecido es "[e]n adición a los remedios
y a la acción judicial de alimentos" que los reclamantes puedan incoar en conformi-
dad con lo "dispuesto en el Código Civil y las Reglas de Procedimiento Civil y otras
leyes aplicables ...".

biendo a la parte de las consecuencias legales de la reclamación y que de no comparecer en el tiempo requerido se podrá dictar lo solicitado sin más citarle ni oírle; concediéndole una oportunidad razonable para defenderse y presentar su versión; requiriéndole que conteste las alegaciones .... (Énfasis suplido.) 8 L.P.R.A. sec. 510.

De otra parte, el Art. 15 de la Ley de ASUME establece el "procedimiento judicial expedito" para solicitar alimentos. Este artículo establece, en su parte pertinente:

*Sec. 514. Procedimiento administrativo expedito—Notificación de la acción*[14]

(1)(a) Al radicarse *en el tribunal* una petición o escrito sobre la obligación de prestar alimentos a menores, incluso aquéllas en que se reclamen alimentos para un o una cónyuge, ex conyuge u otro pariente que tenga la custodia de los menores, y la parte promovida resida en el Estado Libre Asociado de Puerto Rico, el *secretario del tribunal procederá de inmediato a señalar la vista ante el Examinador para una fecha dentro de un plazo no menor de quince (15) días ni mayor de veinte (20)* días, contados desde la fecha de radicación de la petición y expedirá, no obstante lo establecido por las Reglas de Procedimiento Civil, Ap. III del Título 32, un documento de notificación personal y citación para vista, requiriendo a la parte promovida que muestre causa de por qué no debe dictarse una sentencia, resolución u orden según solicitado en la petición o escrito.

(b) La notificación-citación, junto con una copia de la petición, deberá ser diligenciada o notificada por la parte promovente con no menos de cinco (5) días de antelación a la fecha de la vista enviándola a la parte promovida, por correo certificado con acuse de recibo a su dirección, si ésta es conocida, estableciendo este conocimiento mediante declaración jurada al efecto; al momento de presentar la petición; o personalmente mediante el procedimiento utilizado para el diligenciamiento de emplazamientos. En los casos en que hayan transcurrido dos (2) años o más desde la última orden sobre pensión alimenticia, durante los cuales no se haya suscitado incidente judicial alguno entre las partes, se notificará la acción mediante el procedimiento utilizado para el diligenciamiento personal de emplazamientos. Cuando se desconozca la dirección del alimentante o éste no pueda ser localizado, se citará para vista mediante la publicación de un edicto en un periódico de

---

[14] Véase esc. 11.

circulación general diaria en Puerto Rico. (Énfasis suplido.) 8 L.P.R.A. sec. 514.

En *Álvarez v. Arias*, supra, resolvimos una controversia que se suscitó bajo el palio del mecanismo expedito dispuesto en el citado Art. 15 de la Ley de ASUME, 8 L.P.R.A. sec. 514. Concluimos en esa ocasión que el mecanismo dispuesto no se le podía aplicar a aquellos alimentantes que no residen en Puerto Rico, ya que los términos cortos que el estatuto establece no proveen una probabilidad razonable de notificación adecuada al obligado, por lo que éste no podía defenderse debidamente. Íd., pág. 8.

Ahora bien, el T.C.A. interpretó en la sentencia recurrida que nuestra decisión en *Álvarez v. Arias*, supra, se extiende únicamente al procedimiento judicial expedito. Determinó ese respetable foro que nuestro raciocinio en esa decisión estaba confinado a las particularidades del Art. 15 de la Ley de ASUME, *supra*, y como tal, inaplicable fuera de esa reducida esfera. Erró el T.C.A. al así resolver.

■ Nuestra decisión en *Álvarez v. Arias*, supra, que declara la inaplicabilidad del proceso descrito en el citado Art. 15 de la Ley de ASUME a los no residentes en Puerto Rico, no se fundamentó en el carácter judicial o administrativo del proceso, sino en su carácter expedito. *Es decir, la razón fundamental para lograr el resultado allí alcanzado no fue la naturaleza del foro en que se presentó la reclamación, sino la naturaleza del proceso utilizado, cuyos términos cortos no proveen a un no residente la oportunidad de presentar una defensa adecuada.*

En los párrafos precedentes pudimos observar que ambos procedimientos expeditos disponibles en la Ley de ASUME son relativamente similares. Específicamente, ambos procesos establecen unos términos bastante reducidos para dilucidar la obligación alimentaria. En *Álvarez v. Arias*, supra, determinamos que el término de entre quince a veinte días que provee el Art. 15 de la Ley de ASUME, *supra*, no satisfacía las exigencias del debido proceso de ley en cuanto a la posibilidad de proporcionarle al alimentante

una oportunidad adecuada para defenderse. Si atendemos los términos dispuestos por el Art. 11 de la citada ley, *supra*, constatamos que éstos —entre cinco a treinta días— podrían ser incluso hasta más reducidos que los del procedimiento judicial expedito. Por lo tanto, resulta forzoso concluir que el término que fija la Ley de ASUME para ambos procesos expeditos son inaplicables para personas que residen fuera de Puerto Rico.

En atención a ello, resolvemos que erró el T.C.A. por no declarar inaplicable el proceso administrativo expedito a los no residentes en Puerto Rico. Ello, sin embargo, no dispone del caso ante nos. Resuelto esto, nos toca ahora determinar si, no obstante lo anterior, el peticionario señor Warren Ovensen se sometió a la jurisdicción de ASUME al presentar defensas sin cuestionar la jurisdicción de esa agencia. Veamos.

### III

Para que los tribunales puedan actuar sobre la persona de un demandado, se precisa que ese foro tenga autoridad para así hacerlo; es decir, que adquiera jurisdicción sobre esa persona. Véase *Perron v. Corretjer*, 113 D.P.R. 593 (1982). En nuestro ordenamiento, esa autoridad se adquiere mediante el emplazamiento, que es el procedimiento mediante el cual el tribunal hace efectiva su jurisdicción y le informa al demandado que existe una reclamación en su contra. *Álvarez v. Arias*, supra págs. 365–366; *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 D.P.R. 901, 913 (1998). Para que sea efectivo, el emplazamiento debe tener una posibilidad razonable de notificar e informar al reclamado sobre la acción presentada en su contra, de manera tal que pueda comparecer a defenderse si así lo desea. *Álvarez v. Arias*, supra; *Pou v. American Motors Corp.*, 127 D.P.R. 810, 819 (1991).

En *Álvarez v. Arias*, supra, pág. 368, resolvimos que "el método expedito para emplazar provisto por el pro-

cedimiento en cuestión [el de la Ley de ASUME] no cumple con el requisito" de notificar adecuadamente al demandado de la acción que se instó en su contra, razón por la cual entendimos que el legislador lo limitó a aquellas situaciones en las cuales la parte promovida reside en Puerto Rico.

No obstante, hemos resuelto que el derecho a ser emplazado conforme a derecho es renunciable. *Qume Caribe, Inc. v. Srio. de Hacienda*, 153 D.P.R. 700 (2001). Una forma reconocida de efectuar tal renuncia es mediante la sumisión expresa o tácita del demandado. *Sterzinger v. Ramírez*, 116 D.P.R. 762, 768 (1985). En conformidad, aquella parte que comparece voluntariamente y realiza algún acto sustancial que la constituya parte en el pleito, se somete a la jurisdicción del tribunal. *Qume Caribe, Inc. v. Srio. de Hacienda*, supra, pág. 718; *Márquez v. Barreto*, 143 D.P.R. 137 (1997); *Mercado v. Panthers Military Soc., Inc.*, 125 D.P.R. 98 (1990). Este principio, aunque de raigambre procesal civil, aplica igualmente en la esfera administrativa. *Qume Caribe, Inc. v. Srio. de Hacienda*, supra, pág. 4.

Es decir, en un caso como el de autos, el demandado no domiciliado puede someterse a la jurisdicción del ente adjudicador si comparece ante éste y no plantea la falta de jurisdicción, pero presenta otro tipo de alegaciones. *Shuler v. Shuler*, 157 D.P.R. 707 (2002). De este modo, la comparecencia del demandado suple la omisión del emplazamiento y es suficiente para que el tribunal asuma jurisdicción sobre su persona. *Álvarez v. Arias*, supra; *Qume Caribe, Inc. v. Srio. de Hacienda*, supra; *Franco v. Corte*, 71 D.P.R. 686 (1950).

Asimismo, la L.I.U.A.P. —estatuto al amparo del cual ASUME llevó el proceso en cuestión— enumera las formas en que el ente pertinente que adjudica (tribunal o agencia) puede adquirir jurisdicción sobre la persona de un alimentante no residente. Según esta ley, ASUME puede adquirir jurisdicción sobre un no residente de Puerto Rico cuando éste "se somete voluntariamente a la jurisdicción, en forma expresa o tácita, al consentir o comparecer o al

presentar una alegación respondiente que tenga el efecto de renunciar a la defensa de falta de jurisdicción sobre su persona". 8 L.P.R.A. sec. 542(2).([15]) *Por lo tanto, al examinar la L.I.U.A.P., en conjunto con la Ley de ASUME, constatamos que una de las formas que nuestro estado de derecho reconoce para que ASUME adquiera jurisdicción sobre un alimentante no residente es mediante la sumisión expresa o tácita de éste.*

En el caso de marras, como expresamos en la sección anterior, el procedimiento expedito (administrativo o judicial) dispuesto en la Ley de ASUME no aplicaba contra el señor Warren Ovensen por tratarse de un alimentante no residente en Puerto Rico. Sin embargo, surge de autos que éste respondió en varias ocasiones a las citaciones que le cursara ASUME —bajo el mecanismo dispuesto por el procedimiento administrativo expedito— sin alegar en momento alguno la falta de jurisdicción de esa agencia sobre su persona, o alegar que la aplicación del proceso expedito en su contra violaba el debido proceso de ley.

Específicamente, tenemos que en la primera reunión a la cual fue citado —el 19 de abril de 2002— el propio señor Warren Ovensen admite que asistió acompañado de su abogado y que al "no [tener] oportunidad de prepararse adecuadamente para fundamentar su posición con prueba sobre capacidad económica ... *se vio obligado a limitarse a simple y llanament[e l]evantar las defensas por las que entendía no le correspondía cumplir con tal obligación"*. (Énfasis suplido.)([16]) Sin embargo, no levantó la defensa de falta de jurisdicción. Surge del expediente que en por lo menos dos ocasiones posteriores (13 de septiembre de 2002 y 2 de octubre de 2002), el peticionario compareció nuevamente ante ASUME para rebatir los méritos del caso, no aduciendo en ninguna de esas oportunidades la falta de jurisdicción de la agencia.

En consecuencia, resolvemos que el señor Warren Oven-

---

([15]) Véase esc. 5.

([16]) Véase Apéndice de la Petición de *certiorari*, págs. 189–190.

sen se sometió a la jurisdicción de ASUME. El peticionario compareció a reuniones en las fechas pautadas, presentó escritos, realizó descubrimiento de prueba y presentó defensas ante la referida agencia sin cuestionar su jurisdicción, todo esto mientras estuvo representado por un abogado.([17]) Es decir, al peticionario se le aplicó el proceso conforme lo dispone la ley y según se le aplica a todo aquel alimentante sobre el cual la agencia adquiere jurisdicción.

En mérito de lo anterior, se modifica la Sentencia del Tribunal de Apelaciones en cuanto resuelve que el procedimiento administrativo expedito de la Ley de ASUME aplica a los alimentantes que no residen en Puerto Rico. Así modificado, se confirma el dictamen recurrido.

*Se dictará sentencia de conformidad.*

El Juez Asociado señor Fuster Berlingeri concurrió con el resultado con una opinión escrita.

— O —

Opinión concurrente emitida por el Juez Asociado Señor Fuster Berlingeri.

Estoy de acuerdo con el resultado a que llega la mayoría en el acápite III de la opinión del Tribunal. Coincido en que el peticionario se sometió a la jurisdicción de la Administración para el Sustento de Menores (ASUME) y, por lo tanto, estaba obligado por la orden de esa agencia que le fijó una pensión alimentaria al peticionario.

Con lo que no estoy de acuerdo es con lo expresado en el acápite II de la opinión, que resulta ser pura *dicta*. Es decir, el pronunciamiento normativo sobre el alcance del procedimiento administrativo expedito del Art. 11 de la Ley Orgánica de la Administración para el Sustento de Menores, 8 L.P.R.A. sec. 510, no sólo es innecesario para resolver

---

([17]) Cabe señalar que para la fecha de la primera reunión ante ASUME, el 19 de abril de 2002, ya este Tribunal había resuelto el caso *Álvarez v. Arias*, 156 D.P.R. 352 (2002), el cual se notificó el 18 de marzo de 2002.

la controversia de autos, sino que, además, no tiene consecuencia o efecto alguno con respecto al resultado de este caso. Se trata, pues, de una mera opinión *consultiva* de la mayoría del Tribunal, que nos está vedada por una larga tradición judicial que existe desde hace más de trescientos años. Véase *Hayburn's Case*, 2 Dall. 409 (1792). Véanse, además: *Cohens v. Virginia*, 6 Wheat. 264, 399 (1821); *Muskrat v. United States*, 219 U.S. 346 (1911). Esa tradición forma parte de nuestra propia jurisprudencia desde hace más de medio siglo. *Pueblo v. Ramos*, 61 D.P.R. 333, 338–339 (1943); *Com. de la Mujer v. Srio. de Justicia*, 109 D.P.R. 715 (1980). Una mayoría del Tribunal no ha debido abandonarla.

Tengo serias reservas con el aludido proceder de la mayoría del Tribunal, no sólo por el fundamento expresado antes, sino por otra razón también. La mayoría aquí basa su *dicta* sobre la inaplicabilidad del procedimiento administrativo expedito de ASUME a los no residentes en lo resuelto antes por este Foro sobre la inaplicabilidad del procedimiento judicial expedito de ASUME a ese grupo. Resulta, sin embargo, que el Art. 15 de la Ley Orgánica de la Administración para el Sustento de Menores, que establece el procedimiento judicial expedito, expresamente consigna su aplicabilidad sólo cuando "la parte promovida *resida* en el Estado Libre Asociado de Puerto Rico ...". 8 L.P.R.A. sec. 514, cosa que *no está dispuesta* en el Art. 11 de esa ley, *supra*, que trata sobre el procedimiento administrativo expedito. La mayoría del Tribunal no discute esta clara diferencia entre una disposición estatutaria y la otra; ni siquiera la menciona. La mayoría del Tribunal, pues, decreta la misma exigencia de residencia para la aplicabilidad de ambos procedimientos aunque, de su claro texto literal, la ley de ASUME lo requiere para uno —el más formal y tradicional, que es el judicial— pero no lo requiere para el otro.

La mayoría no examina este asunto de modo alguno en su prisa por equiparar los dos procedimientos, a pesar de

que ello no era de ningún modo necesario para confirmar el dictamen del foro apelativo en cuanto al resultado del caso.

Es por todo ello que no puedo extender un voto de conformidad a la ponencia mayoritaria.