Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VII

| KARINA MASSIEL DUARTE VENTURA<br><br>Recurrida<br><br>V.<br><br>CARLOS LUIS ORTIZ RAMOS<br><br>Peticionario | KLCE202301269 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Mayagüez<br><br>Caso Núm.: LJ2023RF00003 (301)<br><br>Sobre: ALIMENTOS – MENORES DE EDAD |
|---|---|---|

Panel integrado por su presidenta, la Jueza Domínguez Irizarry, la Jueza Grana Martínez y el Juez Pérez Ocasio.

Grana Martínez, Jueza Ponente

## RESOLUCIÓN

En San Juan, Puerto Rico, a 10 de enero de 2024.

Comparece ante este tribunal, el señor Carlos Luis Ortiz Ramos. Mediante recurso de certiorari, este nos solicita la revocación de una determinación del Tribunal de Primera Instancia que rechazó su petitorio para desestimar la petición de alimentos presentada en su contra. Explicamos brevemente los hechos esenciales para comprender la determinación que hoy tomamos.

### I

El señor Ortiz Ramos es padre de dos menores de edad que nacieron y siempre han vivido en la República Dominicana. Según el peticionario, la madre de sus hijos y estos no residen y nunca han residido en Puerto Rico. La madre, Karina Massiel Duarte Ventura, en representación de los dos menores de edad, presentó ante el Tribunal de Primera Instancia una fijación inicial de pensión alimentaria para beneficio de los menores procreados por las partes.

El peticionario sostiene que el TPI carece de jurisdicción sobre la materia para atender un reclamo de alimentos internacionales, al amparo de la Ley de Sustento de Menores de Puerto Rico y las Guías Mandatorias para la Fijación de Pensiones Alimentarias en Puerto

Rico, debido a que, en el caso de autos, los menores alimentistas y la madre custodia son residentes y domiciliados en República Dominicana.

Afirma que, el foro recurrido se equivocó al entender que se había sometido a la jurisdicción de Puerto Rico señalando que, desde su primera comparecencia, se ha asegurado de especificar que sus planteamientos los hace sin someterse a la jurisdicción del tribunal. Para el señor Ortiz Ramos, cualquier trámite para la reclamación y/o fijación de una pensión alimentaria debe ser entablada en el país en el cual nacieron y han residido sus hijos toda su vida.

En la alternativa alega que, del foro primario entender que posee jurisdicción sobre la materia, no debió haber referido el caso a la Examinadora de Pensiones (EPA), pues sus facultades son limitadas y no puede intervenir en "casos complejos", y quien, a su vez, está obligada a utilizar las guías mandatorias para la fijación de pensiones alimentarias en Puerto Rico. O sea, que no puede aplicar las guías mandatorias en casos de alimentos internacionales, especialmente si el país de residencia de los menores es uno donde el costo de vida es menor al de Puerto Rico.

**II**

**A.**

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar a su discreción una decisión de un tribunal inferior. 32 LPRA sec. 3491; *Caribbean Orthopedics Products of Puerto Rico, LLC v. Medshape, Inc.*, 207 DPR 994, 1004 (2021); *800 Ponce de Leon Corp. v. American International Insurance Company of Puerto Rico*, 205 DPR 163, 174 (2020); *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 710 (2019). Aunque la característica principal del recurso reside en el carácter discrecional del mismo, tal determinación no es irrestricta, está sujeta a los criterios señalados en la Regla 52.1 de Procedimiento Civil.

Resaltamos que esta regla ha sufrido modificaciones a través del tiempo para expandir el marco discrecional que ostentan los foros revisores en la expedición del recurso.

En la actualidad, la Regla 52.1 de Procedimiento Civil específicamente dispone que el recurso de certiorari solamente será expedido:

> ... para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo.

> No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía, en casos de relaciones de familia, en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia.

> Al denegar la expedición de un recurso de certiorari en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. Cualquier otra resolución u orden interlocutoria expedida por el Tribunal de Primera Instancia podrá ser revisada en el recurso de apelación que se interponga contra la sentencia, sujeto a lo dispuesto en la Regla 50 sobre los errores no perjudiciales. 32 LPRA Ap. V, R. 52.1.

Superado el análisis al amparo de la Regla 52.1 de Procedimiento Civil, el foro apelativo deberá auscultar los criterios de la Regla 40 del Reglamento del Tribunal de Apelaciones para guiar su discreción al intervenir con la resolución u orden interlocutoria. La Regla 40 dispone:

> El tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:

> A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

> B) Si la situación de los hechos planteada es la más indicada para analizar el problema.

C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.

D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.

E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

Ha de quedar claro que la denegatoria a expedir no implica la ausencia de error en el dictamen, cuya revisión se solicitó, ni constituye una adjudicación en sus méritos. Por el contrario, es corolario del ejercicio de la facultad discrecional del foro apelativo intermedio para no intervenir a destiempo con el trámite pautado por el foro de instancia. Se entiende que la parte afectada por la denegatoria a expedir el auto de certiorari, de entenderlo pertinente, podrá revisar esta determinación cuando el Tribunal de Primera Instancia dicte sentencia final. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 98 (2008).

**B.**

Tanto en la ASUME como en los tribunales del país, continuamente se presentan casos de alimentos en los que una de las partes se encuentra fuera de la jurisdicción de los Estados Unidos de América. Para ambos foros, ello representa afrontar los retos que conlleva el tratar de preservar y asegurar el derecho de un menor a recibir alimentos cuando en muchos casos no puede llevarse a cabo un proceso sin menoscabar derechos tales como el que le asiste a las partes a un debido proceso de ley, o cuando no se cuenta con el andamiaje administrativo adecuado que permita la celebración de un proceso relacionado con una persona que reside fuera de la

jurisdicción de los Estados Unidos. Con la adopción de la UIFSA[1] 2008,[2] los estados y jurisdicciones de los Estados Unidos podrán procesar los casos de otros países que hayan ratificado el Convenio, por lo que ello significará un paso de avance en Puerto Rico, pues, se contará con el marco legal y procesal necesario al amparo del cual se podrán ventilar dichos casos internacionales.[3]

La Ley Uniforme Interestatal sobre Alimentos para la Familia, conocida como UIFSA, define país extranjero como aquel país distinto a Estados Unidos que: (a) ha sido declarado país extranjero recíproco en virtud de la ley de los Estados Unidos; (b) ha otorgado con Puerto Rico un acuerdo recíproco para el sustento de menores, según provisto en la Sección 308 de esta Ley; (c) ha promulgado una ley o establecido procedimientos para el establecimiento y la ejecución de órdenes de pensión alimentaria que son sustancialmente similares a los procedimientos contenidos en esta Ley; o (d) es un país sobre el cual el Convenio tiene fuerza de ley con respecto a los Estados Unidos.[4] La UIFSA aplica a un procedimiento sobre alimentos que implique, un alimentista, un alimentante o un menor que resida en un país extranjero.[5] En un procedimiento para establecer una orden de pensión alimentaria, un tribunal de Puerto Rico podrá ejercer jurisdicción sobre un individuo no residente si el individuo se somete a la jurisdicción de Puerto Rico, mediante un consentimiento que consta en récord, mediante la comparecencia voluntaria sin

---

[1] *Uniform Interstate Family Support Act*, adoptada mediante la Ley 180-1997.
[2] La UIFSA 2008 enmendó la versión anterior de la UIFSA, principalmente en lo relacionado con los procedimientos de los casos internacionales y, entre otros cambios, integró las disposiciones apropiadas del Convenio de la Haya sobre el Cobro Internacional de Alimentos con respecto a los Niños y otras formas de Manutención de la Familia, adoptado en la Conferencia de la Haya sobre Derecho Internacional Privado de 23 de noviembre de 2007. Exposición de Motivos Ley 103-2015.
[3] Exposición de Motivos Ley 103-2015.
[4] 8 LPRA sec. 1291 (5).
[5] 8 LPRA sec. 1294.

cuestionar la jurisdicción del tribunal.[6] El tribunal de Puerto Rico sirve como tribunal iniciador.[7]

Por otro lado, la Convención sobre los Derechos del Niño fue aprobada como tratado internacional de derechos humanos el 20 de noviembre de 1989. En esta se reconocen los derechos humanos de los niños y las niñas, a quienes define como personas menores de 18 años.[8] La Convención, como primera ley internacional sobre los derechos de los niños y niñas, es de carácter obligatorio para los Estados firmantes. Entre estos se encuentra Estados Unidos y la República Dominicana, entre otros. Se reconoce que todo niño tiene derecho a un nivel de vida adecuado para su desarrollo físico, mental, espiritual, moral y social. A tales efectos, a los padres u otras personas encargadas del niño, les incumbe la responsabilidad primordial de proporcionar, dentro de sus posibilidades y medios económicos, las condiciones de vida que sean necesarias para el desarrollo del niño. Los Estados tomarán todas las medidas apropiadas para asegurar el pago de la pensión alimenticia por parte de los padres u otras personas que tengan la responsabilidad financiera por el niño, tanto si viven en el Estado Parte, como si viven en el extranjero. En particular, cuando la persona que tenga la responsabilidad financiera por el niño resida en un Estado diferente de aquel en que resida el niño, los Estados Parte promoverán la adhesión a los convenios internacionales o la concertación de dichos convenios, así como la concertación de cualesquiera otros arreglos apropiados.[9]

A tal extremo, la Constitución de Estados Unidos nos recuerda la supremacía de "esta Constitución y las leyes de los Estados Unidos

---

[6] 8 LPRA sec. 1301 (a)(2).
[7] 8 LPRA sec. 1303.
[8] Véase Parte I, Artículo 1 en https://www.un.org/es/events/childrenday/pdf/derechos.pdf. Última fecha de visita 19 de diciembre de 2023.
[9] Artículo 27. Véase, https://www.un.org/es/events/childrenday/pdf/derechos.pdf. Última fecha de visita 19 de diciembre de 2023.

que en virtud de ella sean creadas; y todos los tratados previamente celebrados o que se celebren bajo la autoridad de los Estados Unidos serán la ley suprema de la Nación; y los jueces de cada estado estarán obligados a acatarla, aun cuando hubiere alguna disposición en contrario en la Constitución o en las leyes de cualquier Estado."[10]

### III.

Como asunto de primer orden, la Regla 52.1 de Procedimiento Civil, *supra,* autoriza nuestra intervención, porque el peticionario solicita que revisemos la denegatoria del TPI a una moción de carácter dispositivo, en un caso sobre alimentos de menores revestido de un alto interés público. *Rodríguez Rivera v. De León Otano*, 191 DPR 700, 711 (2014); *Peña v. Warren*, 162 DPR 764, 773 (2004).

Nos llama la atención que el peticionario resume acertadamente toda la normativa que sostiene la obligación de los progenitores de alimentar a sus hijos menores de edad. Aun cuando reconoce que esa obligación es parte esencial del derecho a la vida y que está fundada en principios de solidaridad humana, cuestiona la jurisdicción de los tribunales de Puerto Rico para atender el reclamo de alimentos para sus hijos menores de edad que residen en la República Dominicana.

No obstante, nos queda claro que las circunstancias particulares de este caso, no ameritan nuestra intervención en esta etapa procesal y que lo correcto es denegar el recurso.

### IV

Por los fundamentos antes expuestos, denegamos la expedición del auto solicitado.

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones

---

[10] Artículo VI de la Constitución de Estados Unidos.