Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL XI

| | | |
|---|---|---|
| KEY STAR CAPITAL FUND II, L.P.<br><br>Demandante Apelada<br><br>v.<br><br>CHAMPION DENTAL, P.C.; DERRICK R. CHAMPION, a/k/a DERRICK R. CHAMPION, DDS<br><br>Demandados Apelantes | KLAN202400278 | Apelación procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Civil Núm.: BY2020CV04127 Sala: 504<br><br>Sobre: Convalidación de Sentencia *"Exequátur"*, y Ejecución de Hipoteca |

Panel integrado por su presidenta, la Juez Brignoni Mártir, el Juez Candelaria Rosa, la Jueza Álvarez Esnard y la Jueza Díaz Rivera

Candelaria Rosa, Juez Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 14 de mayo de 2024.

Comparecen Champion Dental, P.C. y Derrick R. Champion a/k/a Derrick R. Champion, DDS (conjuntamente, "apelantes") vía recurso de apelación y solicitan que revoquemos la *Sentencia* del Tribunal de Primera Instancia, Sala Superior de Bayamón, emitida el 11 de enero de 2024. Mediante dicho dictamen, se confirió entera fe y crédito a la *Sentencia* dictada el 28 de diciembre de 2016 en la Corte Suprema del Estado de Nueva York, Condado de Westchester. Por los fundamentos que expresaremos, confirmamos la *Sentencia* recurrida.

En síntesis, el caso de epígrafe trata de la convalidación de una sentencia mediante *exequátur*. Según aparece en el expediente, Bank of America, N.A. presentó una demanda contra los apelantes en la Corte Suprema de Nueva York, Condado de Westchester, por incumplimiento

contractual y cobro de dinero. Luego del diligenciarse los emplazamientos, los apelantes solicitaron la desestimación de la demanda ya que, entre otras razones, la Corte Suprema de Nueva York carecía de jurisdicción sobre la persona del señor Derrick R. Champion (señor Champion), quien en el momento residía en Florida. La Corte denegó la solicitud y ordenó que las partes se reunieran para una conferencia inicial en una determinada fecha y que los apelantes respondieran a la demanda dentro de los veinte (20) días después de recibir la notificación de la *Orden*, cual fue diligenciada por Bank of America a las últimas direcciones conocidas de los apelantes y en el Departamento de Estado de Nueva York. Tal *Orden* fue también archivada en el sistema electrónico de los récords judiciales de Nueva York, *New York State Courts Electronic Filing System* (NYSCEF).

Por la falta de respuesta oportuna de los apelantes, Bank of America solicitó que se dictara sentencia en rebeldía, a la cual la Corte Suprema de Nueva York desestimó sin perjuicio por encontrar un error en los documentos presentados. Después de emitirse una nueva *Orden* con una segunda fecha para la conferencia inicial, y luego de los apelantes no responder o comparecer, Bank of America otra vez solicitó que se dictara sentencia en rebeldía, a la cual la Corte Suprema resolvió ha lugar y ordenó a los apelantes pagar al demandante una deuda de tres cientos cuarenta y seis mil, setecientos sesenta dólares y cincuenta y nueve centavos ($346,760.59).

Por lo anterior, los apelantes recurrieron ante la División Apelativa, Segundo Departamento Judicial de la Corte Suprema de Nueva York y alegaron que la Corte Suprema no había adquirido jurisdicción sobre su persona y corporación, ya que el señor Champion

se mudó a Puerto Rico y la notificación fue diligenciada a direcciones donde ya no residía personalmente o se localizaban sus oficinas. No obstante, la División Apelativa confirmó a la Corte Suprema y determinó que los apelantes no demostraron razón excusable al no argumentar contra la efectividad del emplazamiento al amparo de las leyes del Estado de Nueva York o alegar que le notificó a Bank of America sobre el cambio de dirección.

Luego que Bank of America cediera los derechos, intereses y título sobre la sentencia obtenida a Key Star Capital Fund II, L.P. (Key Star o apelado), este último presentó una demanda de *exequátur* en el Tribunal de Primera Instancia de Puerto Rico, mediante la cual solicitó que se concediera entera fe y crédito a la referida sentencia de Nueva York y, en consecuencia, validara la misma. Luego de varios trámites judiciales—los cuales incluyeron la presentación de mociones por los apelantes que inicialmente indicaban que no se sometían a la jurisdicción, pero que luego no lo mencionaban—el foro primario solo desestimó la demanda contra la rama puertorriqueña de Champion Dental, P.C. por la *Sentencia* del tribunal de Nueva York haberse emitido contra el señor Champion y la rama de Nueva York de su corporación. Finalmente, posterior a Key Star solicitar una sentencia sumaria, el foro primario emitió *Sentencia* mediante la cual concedió entera fe y crédito a la sentencia de Nueva York y ordenó su ejecución en Puerto Rico. Poco después, el Tribunal de Primera Instancia resolvió sin lugar a la moción de reconsideración de los apelantes.

Insatisfechos, los apelantes recurren ante este Tribunal y alegan que el Tribunal de Primera Instancia erró (1) al hacer efectiva la sentencia de Nueva York; (2) al conferirle entera fe y crédito a la

referida sentencia; (3) al no declarar nula la sentencia de Nueva York; y (4) al determinar que no aplica la doctrina de contactos mínimos en los procedimientos de *exequátur*. En su oposición, Key Star argumenta que (1) los tribunales de Puerto Rico no tienen la facultad para declarar nula la sentencia de Nueva York; (2) los apelantes fueron debidamente emplazados durante el proceso judicial en Nueva York, una controversia que fue adjudicada en la Corte Suprema de Nueva York; y (3) que los apelantes se sometieron voluntariamente a la jurisdicción del foro primario.

Vale recordar que el mecanismo procesal de la sentencia sumaria se rige por la Regla 36 de *Procedimiento Civil* y tiene como finalidad la solución justa, rápida y económica de litigios civiles que no contengan controversias genuinas de hechos materiales. Véase Regla 36 de Procedimiento Civil de 2009 (32 LPRA Ap. V); *González Meléndez v. Municipio. Autónomo de San Juan et al.*, 2023 TSPR 95 (citando a *Segarra Rivera v. Int'l. Shipping et al.,* 208 DPR 964 (2022)). Así, la Regla 36.2 permite que cualquiera de las partes pueda solicitar que se dicte sentencia sumaria sobre la totalidad o sobre cualquier parte de una reclamación. Regla 36.2 de Procedimiento Civil, *supra*. Véase, también, *Torres Pagán v. Municipio Autónomo de Ponce,* 191 DPR 583 (2014). A su vez, se ha establecido que el peticionario debe establecer su derecho con claridad y demostrar que no existe controversia sustancial sobre algún hecho material, es decir, suficiente para que sea necesario dirimirlo en un juicio plenario. Regla 36.1 de Procedimiento Civil, *supra*; *Oriental Bank v. Caballero García*, 212 DPR 671 (2023) (citando a *Municipio de Añasco v. ASES et al*, 188 DPR 307 (2013)). Véase también, *Ramos Pérez v. Univisión,* 178 DPR 200 (2010).

En cuanto al estándar de revisión aplicable, el Tribunal de Apelaciones utilizará los mismos criterios que el foro de primera instancia al determinar la correspondencia de la sentencia sumaria, aunque limitado a considerar aquellos documentos presentados en el foro primario y obligado a cumplir con la Regla 36.4 de *Procedimiento Civil*. Regla 36.4 de Procedimiento Civil, *supra*. Debemos, por tanto, examinar *de novo* el expediente y verificar que tanto la moción de sentencia sumaria como su oposición cumplan con los requisitos de forma; luego, revisar si en realidad existen hechos materiales en controversia y, de encontrar que los hechos materiales realmente están incontrovertidos, revisar *de novo* si el Tribunal de Primera Instancia aplicó correctamente el derecho. *Meléndez González et al. v. M. Cuebas*, 193 DPR 100 (2015).

Por otro lado, el procedimiento de *exequátur* es la convalidación y reconocimiento judicial de una sentencia de otra jurisdicción por los tribunales del foro donde se pretende hacer efectiva. Regla 55.1 de Procedimiento Civil, *supra*; *Colón Vega v. Díaz Lebrón*, 211 DPR 548 (2023) (citando a *Gulf Petroleum et al. v. Camioneros*, 199 DPR 962 (2018); *Mench Fleck v. Mangual González*, 161 DPR 851 (2004)). Específicamente, de tratarse de una sentencia emitida por un tribunal estatal de Estados Unidos, el Tribunal evaluará si la determinación (1) fue dictada por un tribunal con jurisdicción sobre la persona y el asunto que sea objeto de la sentencia; (2) demuestra que el tribunal observó el debido proceso de ley; y (3) no fue obtenida mediante fraude. Regla 55.5 de Procedimiento Civil, *supra*. Al evaluarse una sentencia de otro Estado y su base jurisdiccional, el Tribunal puede presumir que válidamente existió jurisdicción sobre las partes o materia, a menos que

el expediente o evidencia extrínseca demuestre lo contrario. *V.L. v. E.L.*, 577 US 404 (2016) (citando a *Underwriters Nat. Assurance Co. v. North Carolina Life & Accident & Health Ins. Guaranty Assn.*, 455 US 691 (1982); *Milliken v. Meyer*, 311 US 457 (1940)). De cumplirse con las exigencias antes esbozadas, los tribunales de Puerto Rico tendrán que concederles a las sentencias extranjeras entera fe y crédito independientemente de la política pública y las disposiciones legales de Puerto Rico sobre la materia o asunto de que se trate. Íd. (citando a Informe de Reglas de Procedimiento Civil, Secretariado de la Conferencia Judicial y Notarial, 2007; *Rodríguez Contreras v. ELA et al.*, 183 DPR 505 (2011); *Toro Avilés v. PR Telephone Co.*, 177 DPR 369 (2009)).

Ahora bien, el ordenamiento federal reconoce que la Décimo Cuarta Enmienda de la Constitución de Estados Unidos limita la jurisdicción de los tribunales sobre la persona, particularmente cuando involucra un demandado no domiciliado en el Estado donde se presentó la demanda. *Bristol-Myers Squibb Co. v. Superior Court*, 582 US 255 (2017) (citando a *World-Wide Volkswagen Corp. v. Woodson*, 444 US 286 (1980)). Véase, también, Emda. XIV, Const. EE. UU., LPRA, Tomo 1. A saber, en casos que involucran la jurisdicción general, los tribunales deben evaluar la relación del demandado con el Estado, es decir, la localización del domicilio de la persona natural o lugar equivalente para una persona jurídica, como lo sería una corporación. Íd. (citando a *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 US 915 (2011)). En casos de jurisdicción específica, los tribunales deben analizar los contactos del demandado con el foro que los sujetan a las regulaciones del Estado. Íd. (citando a *Daimler AG v. Bauman*,

571 US 117 (2014); *Goodyear Dunlop Tires Operations, S.A. v. Brown*, *supra*).

No obstante, la jurisprudencia federal define la jurisdicción sobre la persona como un derecho individual renunciable mediante la sumisión voluntaria de la comparecencia. *Ins. Corp. of Ir. v. Compagnie Des Bauxites De Guinee*, 456 US 694 (1982). Igualmente, el consentimiento expreso o tácito—es decir, por palabras o acciones— puede demostrar jurisdicción sobre la persona. Íd. De hecho, el Tribunal Supremo federal permite que un Estado interprete el uso voluntario de procedimientos estatales por una parte como un consentimiento constructivo a someterse a la jurisdicción. Íd. (citando a *Adam v. Saenger*, 303 US 59 (1938); *Chicago Life Ins. Co. v. Cherry*, 244 US 25 (1917)). Además, de conocer sobre el pleito, el demandado—mediante representación legal o por derecho propio— tiene la obligación de verificar los números de entradas de los récords de la Corte, cual pueden incluir órdenes judiciales. Véase *Emiabata v. Seton Healthcare Family*, 2021 US App. LEXIS 28298, 2021 WL 4256846 (2do Cir. 2021); *US ex rel. McAllan v. City of New York*, 248 F.3d 48 (2do Cir. 2001).

Desde luego, los *New York Civil Practice Law & Rules* (NY-CPLR) disponen que un emplazamiento de una persona natural puede diligenciarse mediante (1) entrega personal si el demandado está dentro del estado, o (2) por correo postal a la última dirección conocida del demandado, entre otros. NY-CPLR sec. 308. En casos que involucran personas jurídicas, el estatuto permite el emplazamiento mediante (1) entrega personal a un director, agente general, oficial u otro individuo autorizado por nombramiento o ley para recibir un emplazamiento; o

(2) entrega personal al Secretario de Estado, deputado o cualquier individuo autorizado por el Secretario para recibir emplazamientos en la oficina de Departamento de Estado, entre otros. NY-CPLR sec. 306. De utilizarse el último método, se considerará que se cumplió con el emplazamiento. Íd. Incluso, los NY-CPLR disponen que la comparecencia del demandado es equivalente al emplazamiento personal, al menos que objete a la jurisdicción. NY-CPLR sec. 320(b).

En Puerto Rico, un Tribunal puede adquirir jurisdicción sobre una persona cuando el individuo se somete voluntariamente a tal jurisdicción y comete algún acto sustancial que lo constituya como parte del pleito. *Sánchez Rivera v. Malavé Rivera et al.*, 192 DPR 854 (2015) (citando a *Álvarez Elvira v. Arias Ferrer*, 156 DPR 352 (2002); *Qume Caribe, Inc. v. Srio. de Hacienda*, 153 DPR 700 (2001); *Sterzinger v. Ramírez*, 116 DPR 762 (1985)). En otras palabras, un demandado no domiciliado puede someterse a la jurisdicción del ente adjudicador si comparece ante este y no plantea la falta de jurisdicción, pero presenta otros tipos de alegaciones. *Peña Alcántara v. Warren Ovensen*, 162 DPR 764 (2004) (citando a *Shuler v. Shuler*, 157 DPR 707 (2002)). Por lo tanto, la comparecencia voluntaria, expresa o tácita, del demandado suple la omisión del emplazamiento y es suficiente para que el tribunal asuma la jurisdicción sobre su persona. Íd. (citando a *Álvarez Elvira v. Arias Ferrer*, *supra*; *Qume Caribe, Inc. v. Srio. de Hacienda*, *supra*; *Franco v. Corte*, 71 DPR 686 (1950)).

De conformidad con los hechos del presente caso, el Tribunal de Primera Instancia actuó correctamente al resolver sumariamente la controversia, conceder entera fe y crédito a la *Sentencia* de la Corte Suprema de Nueva York y ordenar la ejecución de dicha *Sentencia* en

Puerto Rico. El expediente demuestra que Bank of America emplazó y diligenció la notificación de la *Orden* de la Corte Suprema de Nueva York a los apelantes al amparo de la ley de Nueva York y la jurisprudencia federal. Igualmente, Key Star emplazó a los apelantes correctamente en Puerto Rico; de hecho, aunque inicialmente los apelantes comparecieron en el foro primario indicando que no se sometían a la jurisdicción, desde cierto punto en el proceso dejaron de mencionarlo. Por lo tanto, la Corte Suprema de Nueva York y el Tribunal de Primera Instancia de Puerto Rico adquirieron jurisdicción sobre los apelantes y, por efecto, el foro primario tiene la facultad para dar entera fe y crédito y ejecutar la *Sentencia* de Nueva York.

Por los fundamentos expresados, confirmamos la Sentencia recurrida.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones