ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| CLEMENTE FUENTES APONTE APELANTE V. JUAN A. ROLDÁN PÉREZ Y SU ESPOSA PASTORA MERCEDES HERNÁNDEZ DE ROLDÁN Y LA SOCIEDAD LEGAL DE GANANCIALES POR ELLOS COMPUESTA; Y LA SUCESIÓN DE HEREDEROS DE GLORIA ESTHER MARTÍNEZ GARCÍA, COMPUESTA POR HEREDEROS DESCONOCIDOS; FULANO Y MENGANO DE TAL APELADOS | KLAN202401114 | *Apelación* procedente del Tribunal de Primera Instancia, Sala de Salinas <br><br> Caso Núm. GM2024CV00425 <br><br><br><br><br> Sobre: Incumplimiento de Contrato |

Panel integrado por su presidenta, la Jueza Ortiz Flores, la Jueza Aldebol Mora y la Jueza Boria Vizcarrondo

Ortiz Flores, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 24 de enero de 2025.

Comparece ante nosotros el señor Clemente Fuentes Aponte (Sr. Fuentes Aponte; apelante) mediante el presente recurso de apelación y nos solicita que revoquemos la *Sentencia* emitida el 1 de noviembre de 2024, notificada el mismo día, por el Tribunal de Primera Instancia, Sala Superior de Salinas (TPI). Mediante la referida decisión, el TPI desestimó la causa de acción, sin perjuicio, por el incumplimiento del término dispuesto en la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3 (c), para el diligenciamiento del emplazamiento de una parte indispensable.

Adelantamos que, por los fundamentos que exponemos a continuación, confirmamos el dictamen apelado.

**I**

El 6 de junio de 2024, el apelante presentó una *Demanda*[1] sobre incumplimiento de contrato sobre compraventa de participación en bien

_____
[1] Apéndice del recurso, págs.15-65.

Número Identificador

SEN2025_____

inmueble, cumplimiento específico, solicitud de participación y liquidación de comunidad y, daños y perjuicios, contra los demandados y apelados, los cuales se identifican como el señor Juan Alberto Roldán Pérez (Sr. Roldán Pérez), la señora Pastora Mercedes Hernández de Roldán (Sra. Hernández de Roldán), la Sociedad Legal de Gananciales compuesta por ambos y la Sucesión de Gloria Esther Martínez García, compuesta por herederos desconocidos (Sucesión).[2] En cuanto a la codemandada y apelada Sucesión, el apelante alegó en la demanda antes citada, que no tiene conocimiento de sus miembros, pero hace constar que la Sra. Martínez García fue la esposa del codemandado, Sr. Roldán Pérez "y cotitular registral según surge de las inscripciones en el Registro de la Propiedad y de los documentos de compraventa de la participación alícuota de la finca."[3]

En síntesis, **alegó que los apelados eran titulares de la propiedad objeto de litigio**, de la cual les compró una participación alícuota equivalente a un 13.24065%; añadió que, los apelados acordaron que tramitarían la autorización de segregación de la finca y que, una vez aprobada, otorgarían una escritura de compraventa la cual le otorgaría la titularidad registral al apelante del solar marcado como número seis (6) en el plano de mesura, y; no obstante, adujo que los apelados no han realizado ningún tipo de gestión para lograr la segregación del solar.[4] Entre otros documentos, el apelante anejó a la *Demanda* la *Escritura de Compraventa Número Dos (2)*, otorgada el 7 de febrero de 2008, ante el Notario Kevin Abdel Deynes Romero.[5] En dicha escritura comparecieron, como los vendedores, el Sr. Roldán Pérez y la señora Gloria Esther Martínez García (Sra. Martínez García); también compareció como el comprador el apelante, el Sr. Fuentes Aponte.[6] Igualmente, incluyó con su *Demanda*

---

[2] *Id.* págs.15-16; donde se identifican las partes demandadas y apeladas.
[3] *Id.*
[4] Apéndice del recurso, págs. 17-18.
[5] *Id.* págs. 24-32.
[6] *Id.* pág. 24.

documentos del Registro de la Propiedad, Hoja Simple[7] y Folio Karibe[8]). Asimismo, el apelante anejó los emplazamientos dirigidos contra el Sr. Roldán Pérez, la Sra. Hernández de Roldán, la Sociedad Legal de Gananciales compuesta por ambos y la Sucesión compuesta por personas desconocidas.[9]

El 7 junio de 2024, el TPI expidió los emplazamientos dirigidos a Roldán Pérez, Hernández de Roldán, la Sociedad Legal de Gananciales compuesta por ambos y la Sucesión compuesta por personas desconocidas.[10] Además, el 10 de junio de 2024, el foro primario emitió una *Orden* mediante la cual dispuso lo siguiente:

> Parte Demandante deberá cumplir con la Regla 4.7 de Procedimiento Civil y presentar prueba del diligenciamiento de los emplazamientos a los demandados.

> La Secretaria colocará el caso en el término de 120 días para emplazar, contando a partir de la expedición de los emplazamientos, a tenor con la Regla 4.3 (c) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.3 (c) y *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 390 (2021).[11]

Así las cosas, el 16 de julio de 2024, el apelante presentó una *Solicitud de Emplazamiento por Edicto y Anejo de Declaración Jurada del Emplazador* en la cual señaló que el emplazador hizo las gestiones necesarias para diligenciar los emplazamientos pero que las mismas fueron infructuosas. Por tanto, solicitó la expedición de los emplazamientos por edictos contra el Sr. Roldán Pérez, la Sra. Hernández de Roldán y la Sociedad Legal de Gananciales compuesta por ambos, y para la Sucesión, compuesta por herederos desconocidos.[12] De este modo, acompañó la solicitud con una declaración jurada del emplazador donde declaró sobre las gestiones realizadas para emplazar.

El 22 de julio de 2024, el foro primario emitió una *Orden* mediante la cual declaró "Con Lugar" la solicitud para emplazar por edictos al Sr. Roldán Pérez, la Sra. Hernández de Roldán y la Sociedad Legal de

---

[7] *Id.* pág. 33.
[8] *Id.* págs. 36-37
[9] *Id.*, págs. 53-64.
[10] *Id.*, págs. 66-81.
[11] *Id.*, pág. 82.
[12] *Id.*, págs. 83-86.

Gananciales compuesta por ambos.[13] Sin embargo, el foro primario declaró "No Ha Lugar" la solicitud de emplazamiento por edicto contra la Sucesión, toda vez que la declaración jurada no expresaba las diligencias efectuadas por el emplazador para diligenciar el emplazamiento personal contra esta, lo cual era contrario a la Regla 4.6 (a) de Procedimiento Civil, y se apoyó en el caso *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982, 987-988 (2020).[14] Así pues, el 22 de julio de 2024, el foro sentenciador expidió los emplazamientos por edictos para el Sr. Roldán Pérez, la Sra. Hernández de Roldán y la Sociedad Legal de Gananciales compuesta por ambos.[15]

En cumplimiento con la *Orden* del TPI, el apelante sometió una *Moción en Cumplimiento de Orden y Anejando Declaración Jurada del Periódico y Recibos de Correo con Acuse de Recibo.*[16] Por medio de esta, anejó evidencia de la publicación del edicto el 17 de septiembre de 2024, dirigido al Sr. Roldán Pérez, la Sra. Hernández de Roldán y la Sociedad Legal de Gananciales compuesta por ambos, así como los recibos de correo certificado.

Posteriormente, el 25 de octubre de 2024, el apelante presentó una *Segunda Moción Para Que Se Expida Emplazamiento Por Edicto De La Sucesión de Gloria Esther Martínez García y Anejo de Declaración Jurada Del Emplazador.*[17] En la aludida moción aclaró que, en el acápite seis (6) de la declaración jurada que anejó con la primera solicitud, se hizo referencia a las gestiones realizadas por el emplazador para diligenciar el emplazamiento a la Sucesión.

Por su parte, el 31 de octubre de 2024, compareció el Lcdo. Félix L. Negrón Martínez, quien radicó una *Moción Asumiendo Representación Legal y Solicitando Término.*[18] En la misma señaló que comparece en representación de la parte codemandada, el Sr. Roldán Pérez, la Sra. Hernández Martínez, la Sociedad Legal de Gananciales compuesta por

---

[13] *Id.*, págs. 94-95.
[14] *Id.*, pág. 94.
[15] *Id.*, págs. 96-101.
[16] *Id.*, págs. 106-113.
[17] *Id.*, págs. 116-117.
[18] *Id.*, págs. 119-120.

ellos, Juan A Roldán III Santos, Miguel Antonio Roldán Martínez, Eulysses Ramón Roldán, Zoraya Esther Roldán Martínez y Joenn Esther Roldán Figueroa. En lo pertinente, señaló "[q]ue la compareciente Pastora Mercedes Hernández ha recibido copia de los documentos radicados" y que "[e]l resto de los codemandados no, pero aun así hay que hacérselos llegar para que nos ayuden a poder contestar adecuadamente con sus informaciones las alegaciones hechas en la demanda.[19]

El TPI emitió una *Sentencia* el 1 de noviembre de 2024, notificada el mismo día, en la que desestimó la causa de acción sin perjuicio por haber transcurrido el término dispuesto en la Regla 4.3(c) de Procedimiento Civil, *supra*, para el diligenciamiento del emplazamiento y por no haberse presentado prueba de que la Sucesión fuera emplazada conforme a derecho.[20] Esto, siendo la Sucesión una parte indispensable y conforme a lo resuelto por el Tribunal Supremo en *Bernier González v. Rodríguez Becerra*, 200 DPR 637 (2018).

El 3 de noviembre de 2024, el apelante presentó una *Moción de Reconsideración de Sentencia*.[21] No obstante, el TPI sostuvo su determinación.[22] Inconforme con dicha determinación, el apelante acudió ante este Tribunal de Apelaciones el 12 diciembre de 2024, y nos señala la comisión del siguiente error:

> ERRÓ, COMO CUESTIÓN DE DERECHO, EL TRIBUNAL DE PRIMERA INSTANCIA, AL DESESTIMAR EN CONTRA JUAN A. ROLDÁN PÉREZ, PASTORA MERCEDES HERNÁNDEZ, LA SOCIEDAD LEGAL DE GANACIALES COMPUESTA POR ELLOS; QUIENES COMPARECIERON POR CONDUCTO DE REPRESENTACIÓN LEGAL, LUEGO DE HABER SIDO EMPLAZADOS CORRECTAMENTE POR EDICTO.

El 17 de diciembre de 2024, emitimos una *Resolución* en la cual le concedimos a la parte apelada hasta el 13 de enero de 2025 para presentar su posición. Sin embargo, esta no compareció. Así pues, transcurrido el término dispuesto, procedemos a resolver.

---

[19] *Id.*
[20] Apéndice del recurso, págs. 1-4.
[21] *Id.*, págs. 5-12.
[22] *Id.*, págs. 13-14.

## II

### A.

El emplazamiento es el mecanismo procesal por el cual se informa a la parte demandada sobre la existencia de una acción judicial presentada en su contra, por lo que se le requiere comparecer para formular su alegación correspondiente. *Ross Valedón v. Hosp. Dr. Susoni et al*, 213 DPR 481, 487 (2024). "A través del emplazamiento se satisfacen las exigencias del debido proceso de ley, que requiere 'que se notifique al demandado toda reclamación en su contra para que tenga la oportunidad de comparecer a juicio, ser oído y presentar prueba a su favor'". *Global v. Salaam*, 164 DPR 474, 480 (2005) que cita a *First Bank of P.R. v. Inmob. Nac., Inc.*, 144 DPR 901, 913 (1998). De esta forma, se adquiere jurisdicción sobre la persona demandada. *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854, 869 (2015).

El mecanismo procesal del emplazamiento está regulado por la Regla 4 de Procedimiento Civil, 32 LPRA App. V, R. 4. En lo pertinente, el inciso (c) de la Regla 4.3 de Procedimiento Civil, *supra*, dispone lo siguiente:

.    .    .    .    .    .    .    .

(c) El emplazamiento será diligenciado en el término de ciento veinte (120) días a partir de la presentación de la demanda o de la fecha de expedición del emplazamiento por edicto. El Secretario o Secretaria deberá expedir los emplazamientos el mismo día en que se presenta la demanda. Si el Secretario o Secretaria no los expide el mismo día, el tiempo que demore será el mismo tiempo adicional que los tribunales otorgarán para diligenciar los emplazamientos una vez la parte demandante haya presentado de forma oportuna una solicitud de prórroga. Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos.

Surge de la anterior que el emplazamiento debe ser diligenciado dentro del término de ciento veinte (120) días desde la radicación de la demanda o desde la fecha de expedición del emplazamiento, el cual deberá ser expedido por la secretaria del Tribunal el mismo día en que se presentó

la causa de acción. Si la secretaria no expide el emplazamiento el mismo día en que se presentó la demanda, el término comenzará a transcurrir una vez el emplazamiento sea expedido por esta. *Bernier González v. Rodriguez Becerra*, supra, pág. 649; *Perez Quiles v. Santiago Cintrón*, 206 DPR 379 (2021); C. R. Urrutia de Basora & L. M. Negrón Portillo, *Reglas de Procedimiento Civil de Puerto Rico: Preguntas y Respuestas*, 5ta. ed., San Juan, SITUM, 2023, pág. 28.

Asimismo, el Tribunal Supremo de Puerto Rico ha señalado que el término de ciento veinte (120) días es improrrogable. *Bernier González v. Rodríguez Becerra*, *supra*, pág. 649. Por tanto, una vez transcurrido el término dispuesto para diligenciar el emplazamiento, el Tribunal está obligado a desestimar la demanda sin concesión de prórroga. *Id.* Asimismo, "[…]un primer incumplimiento con el término de 120 días para diligenciar los emplazamientos, los tribunales están obligados a dictar prontamente una sentencia en la cual decreten la desestimación y el archivo sin perjuicio de la reclamación judicial." *Ross Valedón v. Hosp. Dr. Susoni et al*, *supra*, pág. 492. No obstante, un segundo incumplimiento tendrá el efecto de una adjudicación en los méritos. Regla 4.3 (c) de Procedimiento Civil, *supra*; Urrutia de Basora & Negrón Portillo, *op. cit.*, pág. 28.

Además, cabe señalar que el término dispuesto en la Regla 4.3 de Procedimiento Civil, *supra*, aplica a todas las partes demandadas en el pleito. R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil*, 6ta. ed., San Juan, LexisNexis de Puerto Rico, Inc., 2017, pág. 268. Incluso, **a los demandados desconocidos**. J. A. Cueva Segarra, *Tratado de Derecho Procesal Civil*, 2da. ed., Publicaciones JTS, 2011, T. I, pág. 349 citando a *Núñez González v. Jiménez Miranda*, 122 DPR 134 (1988). Ahora bien, en cuanto a la desestimación de la demanda por el incumplimiento del término de ciento veinte (120) días para emplazar, el tratadista Hernández Colón ha señalado lo siguiente:

> **Si se emplaza una parte dentro del término y a otro no, solo procede la desestimación de la demanda en contra de esta última, mas no sobre la acción interpuesta en contra de la parte emplazada debidamente. No obstante,**

**si el demandado no emplazado resulta ser parte indispensable en la acción sin cuya inclusión no puede adjudicarse la acción, procede la desestimación de la demanda en su totalidad**. (Énfasis nuestro). Hernández Colón, *op. cit.*, pág. 268.

Por otro lado, si no se logra emplazar personalmente a un demandado, y tras acreditar las gestiones realizadas para citarlo personalmente se solicita emplazarlo por edictos dentro del plazo de ciento veinte (120) días, comienza a trascurrir un nuevo término improrrogable de ciento veinte (120) días para emplazar por edictos, una vez se expida el correspondiente emplazamiento por la secretaria. *Sánchez Ruiz v. Higuera Pérez et al, supra*, pág. 994.

Igualmente, el Tribunal Supremo de Puerto Rico ha señalado que el emplazamiento es renunciable. *Cirino González v. Adm. Corrección et al.*, 190 DPR 14, 37 (2014). La renuncia puede ser expresa o tácita. *Id.* En ese sentido, "aquella parte que comparece **voluntariamente y realiza algún acto sustancial que la constituya parte en el pleito**, se somete a la jurisdicción del tribunal." (Énfasis suplido.) *Peña v. Warren*, 162 DPR 764, 778 (2004). Ejemplo de esto es cuando la parte demandada cumple voluntariamente con las órdenes del tribunal y presenta documentos pertinentes dirigidos a dilucidar la reclamación en su contra. *Vázquez v. López*, 160 DPR 714, 721 (2003). Asimismo, no se adquiere jurisdicción sobre la persona por el simple hecho de estar presente en corte el día del juicio. *Cirino González v. Adm. Corrección et al.*, *supra*.

**B.**

El debido proceso de ley requiere que se añadan al pleito todas las partes que tengan un interés común en el pleito. *Pérez Ríos et al. v. CPE*, 213 DPR 203, 212 (2023). En ese sentido, la Regla 16.1 de Procedimiento Civil dispone lo siguiente: "Las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como demandantes o demandadas, según corresponda. Cuando una persona que deba unirse como demandante rehúse hacerlo, podrá unirse como demandada." 32 LPRA App. V, R. 16.1. Es decir, dicha

regla regula lo concerniente a la acumulación de partes indispensables en el pleito. *FCPR v. ELA et al.*, 211 DPR 521 (2023). La misma tiene el propósito de: (1) proteger las personas ausentes de los posibles efectos perjudiciales que pueda ocasionarles la resolución del caso; (2) emitir una determinación completa; y (3) evitar la multiplicidad de pleitos. *Id.*

El Tribunal Supremo de Puerto Rico ha definido parte indispensable como sigue:

> '[A]quella que tiene tal interés en la cuestión envuelta en la controversia que no puede dictarse un decreto final entre las partes en la acción sin lesionar y afectar radicalmente su interés, o sin permitir que la controversia quede en tal estado que su determinación final haya de ser inconsistente con la equidad y una conciencia limpia'. *Cirino González v. Adm. Corrección et al.*, *supra*, pág. 46 citando a J.A. Cuevas Segarra, *Tratado de derecho procesal civil*, San Juan, Pubs. JTS, 2000, T. I, pág. 375.

En otras palabras, se trata de una parte de la cual no se puede prescindir y cuyo interés es de tal magnitud, que no puede dictarse una sentencia entre las otras partes sin lesionar ni afectar radicalmente sus derechos. *Pérez Ríos et al. v. CPR, supra.* El Alto Foro ha aclarado que "no se trata de un mero interés en la controversia, sino de aquel de tal orden que impida la confección de un decreto adecuado sin afectarlo." *Deliz et als. v. Igartúa et als.*, 158 DPR 403 (2003). Además, ha expresado lo siguiente:

> [L]a determinación de si una parte debe o no ser considerada como indispensable 'debe ser el resultado tan solo de consideraciones pragmáticas, de la evaluación de los intereses envueltos, lo que exige distinguir entre diversos géneros de casos'. Dicha conclusión dependerá de los hechos particulares y específicos del asunto bajo análisis. Esto último 'exige una evaluación jurídica de factores tales como tiempo, lugar, modo, alegaciones, prueba, clase de derechos, intereses en conflicto, resultado y formalidad'. (Citas omitidas). *Id.*, pág. 434.

Por tanto, **la sentencia que se dicte en ausencia de una parte indispensable será nula**. Hernández Colón, *op. cit.,* pág. 166, que cita a *Bonilla Ramos v. Dávila Medina,* 185 DPR 667 (2012). Tan es así que, el planteamiento de falta de parte indispensable "se puede presentar en cualquier momento, incluyendo presentarlo por primera vez en apelación; **el tribunal también puede levantarlo *motu proprio* debido a que, en**

**ausencia de parte indispensable, el tribunal carece de jurisdicción**."
*Pérez Ríos et al. v. CPE*, *supra*, pág. 213.

**III**

El apelante presentó un señalamiento de error. Expone que el TPI incidió al desestimar la *Demanda* contra el Sr. Roldán Pérez, la Sra. Hernández de Roldán y la Sociedad Legal de Gananciales compuesta por ellos. En esencia, plantea que estos se sometieron voluntariamente a la jurisdicción del tribunal y fueron emplazados correctamente, por lo que el foro primario no debía desestimar el caso contras estos.

Nuestro ordenamiento jurídico establece un término improrrogable de ciento veinte (120) días para emplazar a las partes demandadas. El primer incumplimiento con dicho término tiene el efecto de la desestimación y archivo sin perjuicio. Ahora bien**, si el codemandado que no fue emplazado dentro del término correspondiente resulta ser parte indispensable, procede la desestimación de la demanda en su totalidad**. Sin embargo, las partes demandadas pueden renunciar al emplazamiento y someterse voluntariamente a la jurisdicción del Tribunal. Para que esto ocurra la parte **debe comparecer voluntariamente y realizar algún acto sustancial que la constituya parte en el pleito**.

En el caso de autos no está en controversia que la publicación del edicto para el Sr. Roldán Pérez, la Sra. Hernández del Roldán y la Sociedad Legal de Gananciales compuesta por ambos se realizó dentro del término de ciento veinte (120) días dispuesto por ley. Sin embargo, en cuanto a la Sucesión, esta no fue emplazada dentro del término dispuesto por ley. Es decir, el término de ciento veinte (120) días para emplazarlos comenzó a trascurrir el 7 junio de 2024, cuando la secretaria expidió los emplazamientos. Asimismo, a pesar de que el apelante solicitó emplazar por edictos a la Sucesión, la misma fue declarada "No Ha Lugar" por el foro primario, lo cual produjo que continuara transcurriendo el término original para emplazar, por ser una improrrogable. De este modo, no fue hasta el 25 de octubre de 2024 que, el apelante presentó una segunda moción para

emplazar por edictos a la Sucesión. Por tanto, el apelante estaba en incumplimiento con la Regla 4.3 de Procedimiento Civil, *supra*, ya que había transcurrido el término establecido para emplazar. Además, no surge que la Sucesión haya realizado actos sustanciales para someterse voluntariamente a la jurisdicción del Tribunal.

La contención del apelante es a los efectos de que se continúe la causa de acción contra el Sr. Roldán Pérez, la Sra. Hernández de Roldán y la Sociedad Legal de Gananciales compuesta por ambos, toda vez que comparecieron al pleito y fueron correctamente emplazados. Sin embargo, no nos convence la posición del apelante.

En este caso, se debió emplazar a la Sucesión dentro del término que establece nuestro ordenamiento, pues se trata de una parte indispensable en el pleito, ya que la misma tiene un interés propietario sobre la propiedad en cuestión. No hacerlo acarrearía una violación al debido proceso de ley y la sentencia que se dicte en su momento sería nula. Así pues, el efecto que tiene no emplazar a las partes indispensables es la desestimación del pleito en su totalidad. Por tratarse de un primer incumplimiento, se debe desestimar sin perjuicio, como correctamente resolvió el foro primario. Evaluada la determinación del dictamen apelado a la luz del derecho expuesto, concluimos que el TPI procedió de forma correcta al desestimar la totalidad de la causa de acción, puesto que no se emplazó dentro del término dispuesto en la Regla 4.3 de Procedimiento Civil, *supra*, a una parte indispensable.

**IV**

Por los fundamentos que anteceden, confirmamos la *Sentencia* apelada.

**Notifíquese.**

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones