ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL ESPECIAL

| | | |
|---|---|---|
| CARLOS MANUEL RAMÍREZ GONZÁLEZ<br><br>Apelante<br><br>v.<br><br>HACIENDA ELENA, INC.; EDWIN R. SANTIAGO PAGÁN; JOHN DOE<br><br>Apelado | TA2025AP00102 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Germán<br><br>Caso Núm.: LJ2019CV00130<br><br>Sobre: Desahucio por Falta de Pago y Cobro de Dinero |
| | CONSOLIDADO CON: | |
| CARLOS MANUEL RAMÍREZ GONZÁLEZ<br><br>Apelado<br><br>v.<br><br>HACIENDA ELENA, INC.; EDWIN R. SANTIAGO PAGÁN; JOHN DOE<br><br>Apelante | TA2025AP00111 | Apelación procedente del Tribunal de Primera Instancia, Sala de San Germán<br><br>Caso Núm.: LJ2019CV00130<br><br>Sobre: Desahucio por Falta de Pago y Cobro de Dinero |

Panel integrado por su presidenta, la Juez Domínguez Irizarry, el Juez Ronda Del Toro y el Juez Pérez Ocasio

**Ronda Del Toro, Juez Ponente**

# SENTENCIA

En San Juan, Puerto Rico a 29 de agosto de 2025.

Carlos Manuel Ramírez González presentó un recurso de apelación asignado al TA2025AP00102. Solicitó que revisemos la sentencia que emitió el 16 de mayo de 2025, el Tribunal de Primera Instancia, Sala de San Germán. Mediante esta el foro primario desestimó la demanda que presentó Ramírez González contra Hacienda Elena, Inc. y otros, por el fundamento de falta de jurisdicción sobre parte indispensable.

De igual manera, la Hacienda Elena, Inc., incoó otro recurso de apelación, asignado al TA2025AP00111, a los fines de

cuestionar la aludida sentencia. Ante ello, el 14 de julio de 2025, se consolidaron los recursos. Luego de evaluar los escritos, determinamos *revocar* la Sentencia apelada.

**I.**

Los hechos relevantes son los siguientes:

El 4 de noviembre de 2019, el Sr. Carlos Manuel Ramírez González (señor Ramírez González) presentó una *Demanda* de desahucio y cobro de dinero contra la Hacienda Elena, Inc., Edwin R. Santiago Pagán y Joe Doe (en conjunto, Hacienda Elena).[1] En síntesis, alegó que el 17 de mayo de 2017, suscribió un contrato de arrendamiento y opción a compra con Hacienda Elena y otros, y estos incumplieron con sus obligaciones.

El 22 de noviembre de 2019, Hacienda Elena y otros, presentaron la *Contestación a Demanda y Reconvención*.[2] Expresaron que el señor Ramírez González no acreditó ser dueño exclusivo de las propiedades objeto del contrato, y que tal incumplimiento provocó la suspensión de pagos. Invocaron como defensa afirmativa, entre otras cosas, la ausencia de partes indispensables. Específicamente, de los herederos del co-propietario fallecido Wolfrando Ramírez González.

En la *Reconvención* alegaron que el señor Ramírez González incumplió con lo pactado al no acreditar su titularidad exclusiva, lo cual frustró el financiamiento de la compra, interrumpió una operación agrícola productiva e impidió concretar contratos futuros. Que ello causó pérdidas económicas, daños físicos y emocionales. Por tanto, reclamaron una indemnización económica.

---

[1] Revisado del Sistema Unificado de Manejo y Administración de Casos (SUMAC) de conformidad con la facultad que nos concede la Regla 77(D)(2) de nuestro Reglamento, 4 LPRA Ap. XXII-B, entrada 1.
[2] SUMAC, entrada 7.

El 16 de diciembre de 2019, el señor Ramírez González presentó su *Contestación a Reconvención*.[3]

Luego, el 31 de enero de 2020, los codemandados Hacienda Elena presentaron una *Moción de Desestimación* por falta de acumulación de parte indispensable.[4]   Alegaron que las propiedades objeto del contrato pertenecían en partes iguales al señor Ramírez González y a su hermano fallecido el señor Wolfrando Ramírez González, sin que los herederos fuesen incluidos en el pleito.  Asimismo, estos indicaron que el señor Ramírez no había acreditado la titularidad exclusiva que afirmaba ostentar, incumpliendo con las representaciones contractuales.

El 13 de febrero de 2020, el señor Ramírez González presentó *Réplica a Moción de Desestimación*.[5]  En referido escrito, sostuvo que la alegación sobre la falta de parte indispensable carecía de fundamento, ya que ostentaba título pleno sobre las propiedades objeto del litigio.  Argumentó que, en Puerto Rico, la inscripción en el Registro de la Propiedad tiene carácter meramente declarativo, por lo que, la titularidad sobre un bien inmueble puede acreditarse mediante documentos válidos.  A esos fines, acompañó varias declaraciones juradas y comunicaciones que, según indicó, evidenciaban que los herederos del fenecido copropietario reconocen su dominio sobre los inmuebles.

Luego de varios trámites procesales, el 24 de agosto de 2020, el señor Ramírez González presentó *Moción en Solicitud de Sentencia Sumaria*.[6]  Adujo que, desde el 13 de abril de 1991, adquirió por donación, junto a su hermano Wolfrando Ramírez González, ciertos inmuebles. Que acordó con su hermano adquirir su participación en referidas fincas, pero que este falleció sin

---

[3] SUMAC, entrada 12.
[4] SUMAC, entrada 21.
[5] SUMAC, entrada 23.
[6] SUMAC, entrada 30.

haberse elevado a documento público la compra de la participación de su hermano. Señaló que los herederos de su hermano le transfirieron sus participaciones en los inmuebles, bajo las mismas cláusulas y condiciones acordados con el causante. Alegó también, que suscribió un contrato de arrendamiento con opción a compra de los inmuebles aquí descritos y que la parte demandada incumplió con lo pactado.

En respuesta, el 31 de enero de 2021, los demandados Santiago Pagán, su esposa y Hacienda Elena, Inc., presentaron una *Moción en Oposición a Solicitud de Sentencia Sumaria y en Solicitud de Sentencia Sumaria*.[7] Alegaron que el demandante, indicó en los contratos que adquirió la posesión del cien por ciento (100%) de todos los inmuebles descritos en el contrato. Que se comprometió a otorgar los documentos necesarios para acreditar su titularidad, pero no cumplió con ello. Por tanto, no tuvieron otra opción que paralizar los pagos, debido a que estaba pagando a una persona que no podía demostrar ser el poseedor de la totalidad de las propiedades.

Entretanto, el 29 de marzo de 2021[8], el señor Ramírez González interpuso una *Moción Sometiendo Demanda Enmendada*. Adujo que estaba enmendando la demanda, para incluir la comparecencia de los herederos de Wolfrando Ramírez González, quienes, junto a él, también figuraban como titulares registrales de las propiedades. El 30 de marzo de 2021, incluyó el documento de *Demanda Enmendada*, con una comparecencia especial de Alicia Ramírez García y Diego Ramírez Bigott, como únicos y universales herederos de Wolfrando Ramírez González. Estos indicaron que comparecían a los efectos de reconocer que Carlos Manuel Ramírez González tenía el pleno dominio sobre las

---

[7] SUMAC, entrada 39.
[8] SUMAC, entrada 45.

propiedades; que reconocían su obligación de otorgar los documentos necesarios para traspasar el título registral al demandante Ramírez González, o a la persona natural o jurídica que este designe.  Agregaron que no existía obligación o derecho de los comparecientes que pudiese verse afectado por causa del presente pleito.[9]

Entretanto, el 24 de marzo de 2021, reducido a escrito el 9 de junio de 2021, el foro primario emitió una *Resolución y Orden*.[10]   En esta declaró **No Ha Lugar** la solicitud de **desestimación** de la parte demandada relacionada a la ausencia de partes indispensables.   Consecuente, le concedió al demandante un término de quince (15) días para que presentara la Demanda Enmendada y los emplazamientos para ser expedidos por la Secretaría.   Además, dispuso que los procedimientos continúen por la vía ordinaria; que, una vez se asuma jurisdicción sobre las partes indispensables y celebre vista considerará la petición de Orden sobre embargo preventivo.   Igualmente, dejó en suspenso las solicitudes para que se resuelva el pleito por sentencia sumaria.

Asimismo, el 9 de junio de 2021,[11] se llevó a cabo una *Conferencia sobre el Estados de los Procedimientos*.   En torno a las partes indispensables, el foro primario indicó lo siguiente:

> La parte demandante en sus alegaciones indican que no tienen derechos que puedan ser afectados por el resultado de este pleito. La posición de la parte demandada es que esos herederos son partes indispensables. El Tribunal se inclina a que comparezcan esas partes. A esos efectos se enmendó la demanda.
>
> A preguntas del Tribunal, el licenciado Crespo Milián indica **que todas las partes están sometidas a la jurisdicción**.

---

[9] SUMAC, entrada 46, Anejo I.
[10] SUMAC, entrada 60.
[11] SUMAC, entrada 61.

El licenciado Sánchez Rodríguez expone en relación a la demanda enmendada, que las partes en la Comparecencia Especial no entraron como demandante, demandado o interventor. Que esas partes deben hacer alegaciones.

**El Tribunal manifiesta que indistintamente cómo comparezcan esas partes indispensables, entiende están como demandantes, están representados por el mismo abogado que comparece a favor del demandante y están sometidos a la jurisdicción**. (Énfasis nuestro).

Acto seguido, el juez dictaminó, entre otras cosas, conceder un término de cinco (5) días, "al licenciado Crespo Millán [abogado del demandante] para someter algún tipo de enmienda adicional a la demanda."[12]

En respuesta a lo ordenado, el 14 de junio de 2021, los señores Ramírez González, Diego Ramírez Bigott y Alicia Ramírez García presentaron una Segunda Demanda Enmendada.[13] En cuanto a los herederos se indicó en el escrito que estos comparecían como partes indispensables, según la *Resolución* emitida el 9 de junio de 2021. Ello, porque sus nombres figuraban en el Registro de la Propiedad como herederos de Wolfrando Ramírez González. Los comparecientes Alicia Ramírez García y Diego Ramírez Bigott, reiteraron que comparecían a los únicos efectos de reconocer el pleno dominio del codemandante Ramírez González en las propiedades descritas. También mencionaron de su obligación de otorgar los documentos que le sean requeridos para traspasar el título registral de las propiedades al codemandante Ramírez González, o a la persona natural o jurídica que este designe. Sostuvieron que no son ni fueron parte del Contrato objeto de la reclamación, y que no existe obligación o derecho de estos que pueda verse afectado, limitado o perdido, por causa del pleito.

---

[12] Íd, pág. 2.
[13] SUMAC, entradas 62 y 63.

El 6 de agosto de 2021[14] el Foro Primario autorizó la enmienda a la demanda. El 16 de agosto de 2021, los demandados presentaron una *Contestación a Segunda Demanda Enmendada y Reconvención.*

El 27 de agosto de 2021, la parte demandada presentó una *Moción al Expediente*[15] para informar que había enviado un *Requerimiento de Admisiones* a los codemandantes Diego Ramírez Bigott y Alicia Ramírez García, a través de su representación legal, el Lcdo. Héctor R. Crespo Milián.

El 9 de septiembre de 2021, el representante legal de los demandados informó al tribunal de instancia que la codemandada Alicia Ramírez García contestó el requerimiento de admisiones. Igualmente, el 6 de octubre de 2021, informó que suplió las contestaciones de Ramírez Bigott.[16]

Luego, el 1ro de noviembre de 2021, la parte demandante contestó la reconvención.[17] El 15 de noviembre de 2021,[18] los demandados presentaron una *Moción Suplementaria a Moción de Solicitud de Sentencia Sumaria*.

El 7 de diciembre de 2021[19], el foro primario emitió una orden en la cual indicó que, "[t]omando en consideración que las partes están sometidas a la jurisdicción del tribunal y dadas las incidencias procesales del presente caso, **se acepta la contestación a reconvención** presentada por la parte demandante de epígrafe." (Énfasis nuestro).

Así las cosas, el 15 de diciembre de 2021, el señor Ramírez González presentó una *Réplica a Moción Suplementaria a Moción de Solicitud de Sentencia Sumaria.*[20] El 24 de enero de 2022,

---

[14] SUMAC, entrada 66.
[15] SUMAC, entrada 68.
[16] SUMAC, entradas 69 y 71.
[17] SUMAC, entrada 77.
[18] SUMAC, entrada 78.
[19] SUMAC, entrada 80.
[20] SUMAC, entrada 85.

Hacienda Elena reaccionó con una *Dúplica a Réplica a Moción Suplementaria a Moción de Solicitud de Sentencia Sumaria*.[21]

Trabada la controversia, el 23 de mayo de 2025, el TPI notificó *Sentencia* en la declaró *Ha Lugar* la *Moción de Desestimación* por falta de parte indispensable.[22] En síntesis, dispuso que las fincas en controversia pertenecían, al momento de suscribirse el contrato de arrendamiento, al señor Ramírez y su hermano, el señor Wolfrando Ramírez González, ya fallecido. Que, sin embargo, los herederos de este último no fueron traídos al pleito, ni acumulados conforme a la Regla 16.1 de Procedimiento Civil, *infra*.   Indicó el foro primario que, si bien el señor Ramírez González acompañó documentos en los que se alega que tales herederos reconocen su dominio exclusivo, esa manifestación no sustituye el emplazamiento formal ni garantiza que sus derechos no resulten afectados por el decreto que eventualmente se dicte.  Resaltó que, "en asuntos relacionados con la titularidad de bienes inmuebles, la comparecencia de todos los titulares registrales - y de sus causahabientes en caso de fallecimiento - constituye un requisito indispensable para que este Tribunal pueda adjudicar adecuadamente cualquier controversia sobre derechos reales."  Agregó que, "los documentos jurados presentados en este caso pueden tener valor probatorio en ciertos contextos, pero no sustituyen el emplazamiento y la participación formal de quienes ostentan un interés registral y propietario directo sobre cosa litigiosa."  Enfatizó que, cuando se impugna la validez, ejecución o cumplimiento de un contrato que recae sobre bienes inmuebles poseídos en común proindiviso, la jurisprudencia del Tribunal Supremo ha reiterado que los cotitulares -y sus sucesores- deben ser acumulados para

---

[21] SUMAC, entrada 91.
[22] SUMAC, entrada 149.

garantizar una adjudicación válida, completa y eficaz. Por tanto, desestimó la *Demanda* y *Reconvención* por falta de jurisdicción sobre parte indispensable.

Tras declarar *Ha Lugar* la Moción de Desestimación presentada por los codemandados por falta de parte indispensable, conforme a la Regla 16.1 del mismo cuerpo procesal, el foro primario determinó que, "[s]i bien ninguna de las partes cumplió con las formalidades aplicables, tanto a la Solicitud de Sentencia Sumaria, como a la Oposición a una Solicitud de Sentencia Sumaria, la falta de parte indispensable precisa que se declaren SIN LUGAR la Solicitud de Sentencia Sumaria y la Oposición".[23]

Ante ello, el 29 de mayo de 2025, el señor Ramírez González presentó *Moción en Solicitud de Determinación de Hechos Adicionales y Reconsideración bajo la Regla 43.1 y 47 de Procedimiento Civil.*[24] Hacienda Elena, presentó igual petitorio.[25] El 10 de junio de 2025, el foro primario denegó ambas mociones.[26]

Inconforme, el 9 de julio de 2025, el señor Ramírez González interpuso un recurso de apelación. En este alegó que erró el Tribunal de Primera Instancia en lo siguiente:

> **Primero:** Al desestimar la demanda por falta de parte indispensable y declarar ha lugar la moción de desestimación presentada por los codemandados por falta de parte indispensable, conforme la regla 16.1 de procedimiento civil.
>
> **Segundo:** Al denegar la solicitud de sentencia sumaria presentada por el apelante.

Asimismo, el 10 de julio de 2025, Hacienda Elena, Inc. acudió ante nos, con los siguientes señalamientos de error:

> **Primero:** Erró el ilustrado tribunal de primera instancia al determinar y concluir que, siendo los herederos del Sr. Wolfrando Ramírez González

---

[23] SUMAC, entrada 149, Sentencia pág. 13.
[24] SUMAC, entrada 150.
[25] SUMAC, entrada 153.
[26] SUMAC, entrada 155.

titulares registrales o causahabientes con interés propietario en los inmuebles objeto de este litigio, su no acumulación conforme a las reglas 4.3(c) y 16.1 de procedimiento civil constituye un defecto insubsanable que impide al foro adjudicar válidamente la demanda, así como la reconvención. Ante la falta de jurisdicción, procede dictar sentencia, sin perjuicio.

**Segundo:** Erró el ilustrado tribunal de primera instancia al obviar determinar, los hechos esenciales y pertinentes sobre los que no existe controversia sustancial, así como aquellos hechos que estén controvertidos, a los fines de que no se tengan que relitigar los hechos que no estén en controversia.

El señor Ramírez González presentó su *Alegato en Oposición* del recurso TA2025AP00111.

## II.

## A.

El Artículo 608 del Código Civil de Puerto Rico de 1930, 31 LPRA ant. sec. 2090,[27] establece que la herencia comprende "todos los bienes, derechos y obligaciones de una persona, que no se extingan por su muerte." Dispone el Artículo 610 del Código Civil, 31 LPRA ante. sec. 2092 que, "[l]os herederos suceden al difunto por el hecho solo de su muerte, en todos sus derechos y obligaciones." Para que una sucesión sea parte demandante o demandada, es necesario que se particularice e individualice a los miembros que la componen. Éstos son los que la determinan y deben aparecer como demandantes o demandados. Villanova et. al. v. Villanova et.al., 184 DPR 824, 839 (2012).

## B.

En esa línea, la Regla 16.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 16.1, regula el mecanismo de la acumulación de parte indispensable. En lo pertinente, dispone que, "[l]as personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como

---

[27] Conforme el Art. 1816 del Código Civil de Puerto Rico de 2020, 31 LPRA sec. 11721, el presente caso se rige por las disposiciones aplicables del derogado Código Civil de 1930, 31 LPRA ant. sec. 2 *et. seq*.

demandantes o demandadas, según corresponda". Íd.; <u>Inmob. Baleares et al. v. Benabe et al.</u>, 2025 TSPR 112, 214 DPR __ (2024); <u>FCPR v. ELA et al.</u>, 211 DPR 521, 530 (2023).

El interés de la parte en el litigio debe ser de "tal orden que impida la confección de un derecho adecuado sin afectarle o destruirle radicalmente sus derechos". <u>FCPR v. ELA et al.</u>, *supra*; <u>Pérez Rosa v. Morales Rosado</u>, 172 DPR 216, 223 (2007). Además, el interés debe ser real e inmediato, y no cimentado en especulaciones ni en eventos futuros. <u>FCPR v. ELA et al.</u>, *supra*; <u>Pérez Rosa v. Morales Rosado</u>, *supra*, pág. 223.

De este modo, la referida regla busca evitar que la persona ausente se vea privada de su propiedad sin un debido proceso de ley y permitir que el remedio adjudicado sea completo. <u>Pérez Ríos et al. v. CPE</u>, 213 DPR 203, 212 (2023); <u>FCPR v. ELA et al.</u>, *supra;* <u>Pérez Rosa v. Morales Rosado</u>, *supra*.  Así, la omisión de traer a una parte indispensable al pleito constituye una violación al debido proceso de ley que le cobija. <u>Pérez Ríos et al. v. CPE</u>, *supra*; <u>Romero v. SLG Reyes</u>, 164 DPR 721, 733 (2005).

Una vez el Tribunal concluya que una persona es parte indispensable, el pleito no podrá adjudicarse sin su presencia. Por consiguiente, esa persona se tiene que hacer formar parte del procedimiento acumulándose como parte demandante o demandada, según corresponda. <u>Pérez Rosa v. Morales Rosado</u>*, supra*. Así pues, el Tribunal Supremo ha reiterado que, "lo verdaderamente trascendental es que la ausencia de una parte indispensable priva de jurisdicción al tribunal." <u>FCPR v. ELA et al.</u>, *supra*; <u>García Colón et al. v. Sucn. González</u>, *supra*, pág. 550. Como corolario, "la sentencia que se emita en ausencia de parte indispensable es **nula**". Íd; ver, además, <u>Inmob. Baleares et al. v. Benabe et al.</u>, *supra*; <u>Pérez Ríos et al. v. CPE</u>, *supra*, págs. 213-214.

**C.**

El emplazamiento es el mecanismo procesal a través del cual se le informa a la parte demandada sobre la existencia de una acción judicial presentada en su contra y se le requiere comparecer para formular la alegación que corresponda. Ross Valedón v. Hosp. Dr. Susoni et al., 213 DPR 481, 487 (2024); Rivera Marrero v. Santiago Martínez, 203 DPR 462, 480 (2019).

La Regla 4 de Procedimiento Civil de 2009, 32 LPRA Ap. V, es la que regula el proceso y las formalidades del emplazamiento en los pleitos civiles. Ross Valedón v. Hosp. Dr. Susoni et al., *supra*, pág. 488. Es mediante el emplazamiento que se adquiere jurisdicción sobre la persona del demandado; de ahí la importancia de que este se lleve a cabo conforme a Derecho. Ross Valedón v. Hosp. Dr. Susoni et al., *supra*, págs. 487-488.

A pesar del riguroso cumplimiento con los requisitos del emplazamiento que exige nuestro ordenamiento procesal civil, el Tribunal Supremo de Puerto Rico ha reconocido que el derecho a ser emplazado es renunciable. Cirino González v. Adm. Corrección et al., 190 DPR 14, 37 (2014)*;* Peña v. Warren, 162 DPR 764, 778 (2004). Una forma de efectuar tal renuncia es a través de la sumisión expresa o tácita del demandado a la jurisdicción del tribunal o de un foro administrativo. Íd*.* Específicamente, aquella parte que "comparece voluntariamente y realiza algún acto sustancial que la constituya parte en el pleito, se somete a la jurisdicción del tribunal". Íd. En esos casos, la comparecencia suple la omisión del emplazamiento y es suficiente para que el tribunal asuma jurisdicción. Cirino González v. Adm. Corrección et al., *supra;* Peña v. Warren, *supra.*

Una parte puede someterse a la jurisdicción del ente adjudicador si comparece ante éste, no plantea la falta de jurisdicción y presenta otro tipo de alegaciones. Peña v. Warren,

*supra*; Shuler v. Shuler, 157 DPR 707, 719 (2002). Las comparecencias orales y escritas con argumentos en los méritos, demuestran un sometimiento tácito a la jurisdicción del foro primario. Ver, Rodríguez v. Urban Brands, 167 DPR 509, 524 (2006). De igual forma, el cumplir voluntariamente con las órdenes del tribunal y, a solicitud de éste, presentar documentos pertinentes dirigidos a dilucidar la reclamación incoada en su contra. Vázquez v. López, 160 DPR 714, 721 (2003). De manera que, la comparecencia voluntaria suple la omisión del emplazamiento y es suficiente bajo las garantías del debido proceso de ley, para que el tribunal adquiera jurisdicción sobre la persona. Vázquez v. López, *supra*.

A tenor con la antes mencionada normativa, disponemos.

### III.

En el primer señalamiento de error de los recursos consolidados, ambas partes alegaron, que Alicia Ramírez García y Diego Ramírez Bigott, quienes son los herederos del cotitular Wolfrando Ramírez González, ya se acumularon y comparecieron como partes demandantes. Ante ello, aducen que el tribunal ya adquirió jurisdicción sobre estos y no tienen que ser emplazados. Les asiste la razón.

Este pleito inició con una demanda de desahucio por falta de pago y cobro de dinero que instó el señor Ramírez González contra Hacienda Elena y otros. Allí se alegó que las partes suscribieron un contrato de Arrendamiento y Opción a Compra, con el cual la parte demandada incumplió.

El 31 de enero de 2020, la parte demandada sometió una Moción de Desestimación por la falta de partes indispensables. En este petitorio alegaron que el codueño de las propiedades objeto del litigio, falleció antes de la firma del Contrato, pero dejó hijos herederos de sus bienes. Ante ello, solicitó la desestimación

debido a la ausencia de esos herederos como partes indispensables.

El 24 de marzo de 2021[28], el foro de instancia declaró *No Ha Lugar* a la *Moción de Desestimación*, pero le concedió al demandante un término de quince (15) días para que presentara la Demanda Enmendada y los emplazamientos. El 29 y 30 de marzo de 2021[29], la parte demandante presentó una *Demanda Enmendada*, con una comparecencia especial de Alicia Ramírez García y Diego Ramírez Bigott, como únicos y universales herederos de Wolfrando Ramírez González.

El 9 de junio de 2021, el foro primario celebró audiencia. Al atender la controversia sobre la parte indispensable, el tribunal de instancia decretó lo siguiente: "El Tribunal manifiesta que indistintamente cómo comparezcan esas partes indispensables, entiende **están como demandantes**, están representados por el mismo abogado que comparece a favor del demandante **y están sometidos a la jurisdicción**."[30]

Tras ello, el 14 de junio de 2021, la parte demandante Ramírez González sometió una Segunda Demanda Enmendada. En esta se reiteró la comparecencia de los codemandantes, Alicia Ramírez García y Diego Ramírez Bigott como herederos del cotitular fallecido, Wolfrando Ramírez González. El 6 de agosto de 2021[31], el Tribunal autorizó la enmienda a la demanda.

Lo anterior reitera que Alicia Ramírez García y Diego Ramírez Bigott fueron admitidos en el pleito como codemandantes.

Luego, el 16 de agosto de 2021[32], los demandados contestaron la segunda demanda enmendada y presentaron una

---

[28] SUMAC, entrada 60.
[29] SUMAC, entradas 45 y 46.
[30] SUMAC, entrada 61, pág. 1.
[31] SUMAC, entrada 65.
[32] SUMAC, entrada 66.

Reconvención. El 1ro de noviembre de 2021,[33] los demandantes contestaron la reconvención, por ello, el 7 de diciembre de 2021[34], el foro primario emitió la siguiente orden:

> Tomando en consideración que las **partes están sometidas a la jurisdicción del tribunal** y dadas las incidencias procesales del presente caso, se acepta la contestación a reconvención presentada por la parte demandante de epígrafe.

Entretanto, el 27 de agosto de 2021,[35] la parte demandada le había notificado un *Requerimiento de Admisiones*, a los codemandantes Diego Ramírez Bigott y Alicia Ramírez García. Posteriormente, estos sometieron sus respuestas.[36]

Todo lo anterior, demuestra que Diego Ramírez Bigott y Alicia Ramírez García, como herederos de Wolfrando Ramírez González, comparecieron al pleito como demandantes y se sometieron voluntariamente a la jurisdicción del tribunal. Con ello, dieron fiel cumplimiento a la Regla 16.1 de Procedimiento Civil, *supra*, que establece que, "las personas que tengan un interés común sin cuya presencia no pueda adjudicarse la controversia, se harán partes y se acumularán como **demandantes** o demandadas, según corresponda".

En conclusión, los herederos del señor Wolfrrando Ramírez González realizaron actos sustanciales para someterse voluntariamente a la jurisdicción del Tribunal cuando fueron incluidos en la enmienda a la demanda, al participar del descubrimiento de pruebas y contestar la reconvención. De manera que, ese sometimiento voluntario a la jurisdicción subsanó y/o tornó en innecesario el emplazamiento.

Además, el Tribunal de Instancia, expresamente los admitió como demandantes e indicó que adquirió jurisdicción sobre estos. Así que, la falta de parte indispensable y posible violación al debido proceso de ley hacia los codemandantes Diego Ramírez

---

[33] SUMAC, entrada 77.
[34] SUMAC, entrada 80.
[35] SUMAC, entrada 68.
[36] SUMAC, entradas 69 y 71.

Bigott y Alicia Ramírez García, quedó debidamente rectificada posterior a la presentación de la *Moción de Desestimación*. En consecuencia, el foro revisado no debió desestimar la demanda por falta de parte indispensable. El primer error fue cometido.

En el segundo señalamiento, el demandante alegó que incidió el foro primario al denegar su solicitud de sentencia sumaria. A su vez, la parte demandada alegó que el foro primario debió determinar los hechos esenciales no controvertidos y los que sí presentaban controversias. Revisamos.

Según indicamos en el primer señalamiento, el foro primario desestimó la demanda y la reconvención, bajo el fundamento de que no tenía jurisdicción porque faltaba una parte indispensable. En estas circunstancias, el Tribunal Supremo ha reiterado que la ausencia de una parte indispensable priva de jurisdicción al tribunal. En cuyo caso, la sentencia que se emita es nula.[37] Bajo esa premisa de ausencia de falta indispensable, el foro primario declaró *SIN LUGAR* la Solicitud de Sentencia Sumaria y la Oposición. Esa decisión no es contraria a derecho, pues el foro primario no podía realizar pronunciamiento alguno en cuanto a las mociones dispositivas presentadas, pues la ausencia de parte indispensable conllevaba que toda determinación tomada, se considere nula. En ese sentido, el foro primario no podía resolver la Moción de Sentencia Sumaria ni la oposición. Tampoco podía emitir determinaciones de hechos no controvertidas ni las controvertidas, toda vez que, a su juicio, carecía de jurisdicción. Ahora bien, destacamos que el foro primario determinó que ninguna de las partes cumplió con las exigencias de la Regla 36 de Procedimiento Civil, juicio que coincidimos.

Por lo aquí resuelto, se devuelve el asunto al foro primario para la continuación los procesos.

---

[37] FCPR v. ELA et al., *supra.*

## IV.

Por los fundamentos anteriormente expuestos, se revoca la *Sentencia* apelada, ya que, no hay falta de parte indispensable. Procede continuar los procedimientos.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda.  Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones